JUDGE PETEBS
delivered the opinion op the court.
In 1848 tbe parties to this contract formed a partnership to prosecute the business of farming, deal in stock, and engage in other pursuits which promised to be profitable and about which they should agree. These, as the pleadings and proof show, were the purposes for which the partnership was formed, the agreement being in parol, and it was to continue during the. pleasure of the parties. Their families lived on the most intimate terms, and they were harmonious, energetic, and successful in business until 1862, when, from some cause unexplained in this *391 record, some dissatisfaction arose between them, the partnership was terminated, and a suit in equity was brought by appellant to settle the partnership accounts and for a partition of certain lands, the legal title to which appellee held, and which appellant claimed were the property of the firm.
Subsequently to the filing of the answer by appellee the case was referred to a special master, with specific directions as to the facts to be ascertained and reported, and before his report came in the parties entered into a written agreement to submit the matters in litigation to the arbitrament and award of Curtis F. Burnam and E. D. Kennedy, who, in making up their award, by the terms of the submission, were to be governed by the course designated in the judgment referring the case to E. D. Kennedy, special commissioner; the award to be made out by the 1st day of May, 1865, and to be returned to the August term, 1865, of the Garrard Circuit Court.
By the order of reference to Kennedy, commissioner as aforesaid, he was directed to state and settle the partnership accounts between the parties, report the lands, slaves, and personalty belonging to the partners, when and by whom put in, how long the same continued, the annual profits and losses, the partnership liabilities, etc.
On the 17th day of August, 1869, the award of the arbitrators was presented to the Garrard Circuit Court and filed; to the filing of which appellant objected and filed numerous exceptions thereto: the first of which is that at the time said award was made the powers of the arbitrators had ceased, and they had no authority to make an award that could bind the parties. Notwithstanding appellant’s objections, the exceptions to the award were overruled, and a judgment rendered to enforce the same, from which this appeal is prosecuted.
*392 The first question presented is whether the powers of the arbitrators had ceased when and before they made the award. The submission was the mere act of the parties, and not under the sanction of the court where the action was pending; and by the terms of the submission bond, as we have already seen, the time within which the award was to be made was definitely fixed, and no power conferred therein on the arbitrators to enlarge the time; hence.the time for making the award could only be extended by mutual consent, which is often done by indorsement on the submission bond. That, however, was not done; but on the 20th of August, 1867, an oi’der was made by the Garrard'Circuit Court, by consent of the parties, that the time should be extended for the arbitrators to file their award until the 1st of February, 1868, which, however, ■they failed to do, and the time was not again enlarged either by the consent of the parties or a rule of court, and the submission might be afterward treated by either party as revoked. (Caldwell on Arbitration, 47-9.)
The court below therefore erred in overruling the first exception of appellant to the award.
Another objection to it may be noticed, as it may avoid future difficulty. The arbitrators in this award appear to have believed, that as there was no writing between the parties evidencing the right of appellant to any part of the land called in the pleadings the Oglesby tract, that the statute of frauds and perjuries would apply and deprive him of any part thereof, as appellee held the legal title thereto. If that and other tracts of land were purchased for and paid .with partnership funds, and the title was held by one of the partners, he held it in trust for the benefit of the partners, and should be so adjudged.
As an additional reason for setting aside the award, it did not decide all the questions contained in the sjibmis *393 sion. They failed to decide what amount of debts were owing by the firm, if any, and whether there were any due to the firm, and adjust these matters between them so as to make the award a final settlement of all matters in controversy.
Wherefore the judgment is reversed, and the cause is remanded, with directions for further proceedings consistent with this opinion.