# Johnson, Appellant, *v.* Crawford.

*Arbitration—Time limit—Failure to submit—Contract.*

Where an agreement of arbitration provides that the matters in controversy shall be submitted to the arbitrators within sixty days, and no submission is made within the sixty days because of the incapacity of one of the arbitrators, the court will set aside the submission to arbitrate and strike it from the record.

The parties are bound by the terms of their submission and the failure to comply with the stipulation requiring the case to be submitted within the time designated in the agreement is fatal to any proceedings taken thereafter under the submission. The parties themselves may extend the time within which the cause is to be heard by arbitrators or the award is

to be made, but without such action by the parties the limit named in the submission must be observed. The arbitrators themselves cannot disregard the stipulation of the submission in this respect, and if they do, their award is of no validity and will be set aside.

Argued May 2, 1905. Appeal, No. 10, Jan. T., 1905, by plaintiff, from order of C. P. Elk Co., Oct. T., 1904, No. 171, setting aside arbitration proceedings in case of Maria P. Johnson v. George H. Crawford and Walter S. Yothers, trading as Crawford & Yothers. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to set aside arbitration.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order setting aside arbitration proceedings.

*A. L. Cole* and *John Houston Merrill*, with them *C. H. M'Cauley*, for appellant. —The incapacitating illness of the third arbitrator, during the entire period limited for the presentation of the proofs, was not a revocation of the submission by operation of law ; and therefore the learned court below erred in vacating the agreement upon that ground : Potter   Sterrett, 24 Pa. 411 ; Huggins v. Neill, 2 Pa. Superior Ct. 103 ; Wolf v. Augustine, 181 Pa. 576 ; Colder v. Weaver, 7 Watts, 466 ; Gass' App., 73 Pa. 39 ; Dewey v. School Dist., 43 Mich. 480 (5 N. W. Repr. 646) ; Gear v. Gear, 37 N. E. Repr. 1059 ; Stewart v. Loring, 87 Mass. 306 ; Doty v. Whittlesey, 1 Root (Conn.), 310 ; Scully v. Kirkpatrick, 79 Pa. 324.

If the illness of the arbitrator did not work a revocation of the submission by operation of law, then the appointment of his successor following his resignation, and the subsequent proceedings, were not invalid; and the learned court below erred in setting them aside : Potter v. Sterrett, 24 Pa. 411 ; Huggins v. Neill, 2 Pa. Superior Ct. 103 ; Wolf v. Augustine, 181 Pa. 576 ; Lilly v. Person, 168 Pa. 219.

*Harry Alvan Hall*, with him *Eugene H. Baird*, for appellees.—The submission was revoked by its own terms owing to the fact that the arbitrators did not qualify or meet within sixty days after it was executed in the absence of any agreement of the parties or order of court to the contrary : Shermer

v. Beale, 1 Wash. (Va.) 11 ; Bryer v. Stewart, 2 Hayw. (N. Car.) 111 ; Halden v. Glasscock, 5 B. & C. 390 ; Buckman v. Davis, 28 Pa. 211 ; Wilson v. Cross, 7 Watts, 495 ; Shisler v. Keavy, 75 Pa. 79 ; Sands v. Rolshouse, 3 Pa. 456 ; Rogers v. Playford, 12 Pa. 181; Reid v. Fryatt, 1 M. & S. 1 ; Denton v. Strong, L. R. 9 Q. B. 117 ; Rex v. Stevens, 5 East, 244; Dakins v. Wagner, 3 Dowling P. C. 535 ; Tyler v. Jones, 3 B. & C. 144 ; Lawrence v. Hodgson, 1 Y. & J. 16; Burley v. Stephens, 1 M. & W. 156 ; Haggart v. Morgan, 5 N. Y. 422; Church v. Parkhurst, 17 N. Y. Superior Ct. 491 ; Morton v. Cameron, 26 N. Y. Superior Ct. 189; Schepp v. Manley, 59 Hun, 440 (13 N. Y. Supp. 728).

OPINION BY MR. JUSTICE MESTREZAT, June 22, 1905 :

By an agreement in writing, dated March 1, 1904, the parties to this suit entered an amicable action in assumpsit in the court of common pleas of Elk county with the same effect as if a summons had been regularly issued and served and so returned. On the same day, the parties by a writing under seal agreed " to submit all matters in controversy and at variance between the plaintiff and defendants hereto, from any cause, matter or thing whatsoever, to two arbitrators, one to be chosen by the plaintiff and one to be chosen by the defendants within ten days from this date. And said arbitrators shall choose a third arbitrator or umpire and all of said matters in controversy and at variance between the parties shall be submitted to said arbitrators within sixty days from the date hereof, and said arbitrators shall hear the parties . . . . ascertain and determine the amount due from the defendants to the plaintiff. . . . It being further agreed that this said submission to such arbitrators shall be made a rule of court in the court of common pleas of Elk county."

Pursuant to this submission and on the day it was signed the plaintiff chose James K. Gardner and the defendants chose M. J. Quinn to act for them respectively as arbitrators. On March 9, 1904, the two arbitrators thus appointed chose C. B. Farr "as the third arbitrator or umpire in the above proceedings."

Owing to continued ill health, Mr. Farr was unable to serve as an arbitrator and on July 21, 1904, nearly five months after

the date of the submission and without any meeting or hearing having been had by the arbitrators, he tendered his resignation and requested the other arbitrators to appoint another person in his stead. Thereupon, on the same day, the other two arbitrators chose A. R. Spicer "as the third arbitrator or umpire in the above proceedings." The board of arbitrators, as thus constituted, notified the parties that they would hear the case on September 20, 1904. Prior to the date of this hearing, the attorneys of the defendants notified the attorney of the plaintiff " that as the time within which the arbitrators should have proceeded to hear this case, under the terms of the agreement, has long since expired, and as there might now be some question concerning the validity of their award our clients, upon consultation, respectfully decline to proceed." On September 7, the defendants presented their petition to court setting forth the above facts and prayed the court " to declare and decree that said agreement of reference has expired by its own limitation and that the same be stricken from the records." A rule was granted on the plaintiff to show cause why the prayer of the petition should not be granted, and subsequently the court " ordered and decreed that the said agreement has expired by its own limitation, and that all proceedings thereunder shall be vacated and set aside." From this decree the plaintiff has appealed.

The learned trial court was clearly right in setting aside the submission to arbitrate. The agreement of the parties by which the submission was made provides that "all of said matters in controversy and at variance between the parties shall be submitted to said arbitrators within sixty days from the date hereof." The parties are bound by the terms of their submission and the failure to comply with the stipulation requiring the case to be submitted within the time designated in the agreement is fatal to any proceedings taken thereafter under the submission. The parties themselves may extend the time within which the cause is to be heard by arbitrators or the award is to be made, but without such action by the parties the limit named in the submission must be observed. The arbitrators themselves cannot disregard the stipulation of the submission in this respect, and if they do, their award is of no validity and will be set aside.

The cause of the neglect of the arbitrators to act within the time fixed in the submission, not being imputable to the parties, is immaterial.    The stipulation in this agreement is mandatory and the illness of one of the arbitrators would not relieve the parties from submitting the controversy to the arbitrators within the sixty day limit.    Had the third arbitrator, for any cause, declined to act within the sixty days, the other two arbitrators, it has been held, could have selected another in his place, and the three would have constituted a legal tribunal under the submission.    But that was not done, and within the time limit no steps were taken to substitute another arbitrator for Mr. Farr, who was ill, or to submit the case to the arbitrators who had been chosen to adjust the differences of the parties. The submission was, therefore, invalidated, and the authority of the arbitrators, appointed in pursuance of it, was at an end.

All the authorities recognize the principle that arbitrators must act within the time fixed in the submission, and that a failure to do so invalidates all proceedings subsequent to the expiration of the time limit.    In Russell on The Power and Duty of an Arbitrator and the Law of Submissions and Awards (7th Eng. ed. 1891), 138, the learned author says: " When the submission fixes a limit, the award must be made within it, unless further time be subsequently given. . . .    Without the consent of the parties, neither the court nor a judge could at common law grant any enlargement when the time had lapsed ; the authority of the arbitrator was gone and all the proceedings already taken became ineffectual." In 2 Am. & Eng. Ency. of Law (2d ed.), 591, it is said : " An arbitrator cannot extend the time unless the agreement gives him the power, and it must be done within the time fixed for making the award. . . . . Refusal of several arbitrators to act revokes the submission. . . .    The arbitrator's authority ceases at the end of the time fixed for making the award.    This time may be extended by the consent of the parties, or waived by their acts."

In 3 Cyclopædia of Law and Procedure, 631, it is said : " Whenever, by the terms of the submission, either at common law or under rule of court, the award is required to be made within a specified time, the authority of the arbitrators terminates upon the expiration of the time specified." .

In Morse on Arbitration (1872), 223, the learned author says :

" If the submission or rule of court names any time within which the award or report is to be made, the authority of the referees or arbitrators ceases with the expiration of that time. . . . . Of course there may be an extension of the time, made by the parties themselves, beyond the limitation first set. . . . The refusal of a person named as arbitrator to act as such, or his resignation of the office, will put an end to the submission."

It is well settled in this state that a submission to arbitration cannot be revoked when the agreement partakes of the nature of a contract whereby important rights are gained and lost reciprocally and the submission is the moving consideration to these acts : Paist v. Caldwell, 75 Pa. 161 ; McCune v. Lytle, 197 Pa. 404. Neither can a submission be revoked by the parties which is made a rule of court: Zehner v. Lehigh Coal & Navigation Co., 187 Pa. 487. But it is also settled law that although a submission is supported by a consideration and is made a rule of court, a vacancy in a board of arbitrators before an award, occasioned by death or the refusal of one of the arbitrators to act or by any other cause, unless otherwise stipulated, operates as a revocation of the submission, and the court will on application annul it and set aside the rule to arbitrate : Wolf v. Augustine, 181 Pa. 576 ; Potter v. Sterrett, 24 Pa. 411. In the case at bar, as in all cases of arbitration and reference, the terms of the submission regulate and control the action of the arbitrators and the failure to act within the time designated in the submission is of like effect as if one of the arbitrators in a submission without a time limit decline to act at all. In such cases, it is the act of the arbitrator or arbitrators, and not of the party, that revokes the submission. A submission may be irrevocable by a party, but action or nonaction on the part of the arbitrators may revoke it.

The parties in this case desired a speedy disposition of their controversy, and the manifest purpose was that a failure of the arbitrators to act within the time fixed in the submission should be a revocation of their authority. The court has carried out this purpose by striking off the submission.

The assignments of error are overruled and the judgment is affirmed.