TEXTILE WORKERS UNION OF AMERICA, C.I.O., ET AL. *v.* UNCAS PRINTING AND FINISHING COMPANY, INC.

SUPERIOR COURT     WINDHAM COUNTY     FILE NO. 10376

Memorandum filed February 28, 1955.

*Daniel Baker,* of Stamford, for the plaintiffs.

*Arthur S. Kaminsky,* of Putnam, for the defendant.

KING, J. This is an application by the plaintiff union for an order, under the provisions of § 8160 of the General Statutes, confirming an arbitration award in a labor dispute.

The defendant employer has demurred to the application on the ground that it alleges, in effect, that the parties stipulated on September 28, 1953, that an arbitrator should be appointed within one week therefrom, that the award was not made until January 5, 1954, that it does not appear either that the agreement of submission fixed any time within which the award should be rendered or that the parties expressly extended the time in which the award could be rendered under General Statutes, § 8159, and, so, that it affirmatively appears from the application that the award was not made within sixty days from the date on which the arbitrator was "empowered to act."

General Statutes, § 8159, provides that if the time within which the award shall be rendered shall not have been fixed in the agreement of submission, it must be made within sixty days from the date on which the arbitrator was "empowered to act," and that if this is not done, and no extension of time is granted by the parties, the award is without legal effect.

The crux of the matter is the ascertainment of the time when the arbitrator was "empowered to act." Unless this appears from the application the demurrer must fail, since it could not be said that the

application showed on its face (as in effect claimed in the demurrer) that the award was not made within sixty days from the date on which the arbitrator was "empowered to act."

It appears from the so-called stipulation that the agreement of submission was executed September 28, 1953. It is crudely drawn, and in one sentence provides that the parties "shall" agree upon an impartial arbitrator within one week, and in the next sentence that if that is not done, "The American Arbitration Assn. (hereinafter referred to as the Association) shall be asked to appoint an arbitrator in accordance with the rules of the Assn." No time is set within which the association is to be asked to make the appointment. The law would under these circumstances imply a reasonable time, which in turn would depend on facts not set forth in the application. Furthermore, nothing is said as to which party is to make the request to the association, nor whether such request is to be by letter, by telegram or by some other method of communication. Nor does it appear who in fact did make the request to the association or when it was made. Obviously, some further time must elapse (after the request is made to, and received by, the association) before the arbitrator is selected and appointed by the association. What this time was does not appear. Nor can the arbitrator hear any testimony under General Statutes, § 8157, until he has been sworn as therein provided.

All of the above steps (at least) must take place before the arbitrator is "empowered to act" within the meaning of § 8159. The most that can be said is that the arbitrator's opinion, a copy of which is set forth in the application, states that a hearing was held on December 3, 1953. It follows that whatever the evidence may show, there is nothing in the application from which it can be determined when

(prior to December 3, 1953) the arbitrator was "empowered to act." This in turn precludes any finding from the allegations of the application that more than sixty days elapsed between that time and the date of the award. It follows that the demurrer must be overruled.

In oral argument the defendant made the claim that the application was demurrable for failure affirmatively to allege that the award was made within the time limit. However, no such ground is asserted in the demurrer, and a demurrer can be sustained only on a ground therein set forth. General Statutes § 7814.

For the foregoing reasons the demurrer must be, and is, overruled.