LEON N. FAGNANI, Plaintiff, v. INTEGRITY FINANCE CORPORATION, a Delaware corporation, Defendant.

(*November* 30, 1960.)

STIFTEL, J., sitting.

*H. Albert Young* (of Morford, Young and Conaway) for plaintiff.

*Joseph A. L. Errigo* for defendant.

Superior Court for New Castle County, No. 394, Civil Action, 1960.

STIFTEL, J.:

Plaintiff, Leon N. Fagnani, a registered architect, licensed in Delaware, filed this action against the defendant, Integrity Finance Corporation, a corporation of the State of Delaware, because of its refusal to comply with an award of the board of arbitrators rendered 18 days after the expiration of the 30-

day limit set forth in the standard form of arbitration procedure.

Fagnani agreed in writing with the defendant to furnish his services in connection with the erection by the defendant of a four-story bank and office building for an agreed-upon commission of 5% on the cost of the work. The plaintiff drew plans and specifications for the proposed building and was paid an advance of $5,600 by defendant. On August 26, 1959, Fagnani was dismissed by the defendant, which claimed that he failed to design a building in accordance with its instructions to limit the cost of the building to a sum not to exceed $500,000. Fagnani disputed defendant's contention; whereupon, the parties agreed that plaintiff's claim be submitted to arbitration in accordance with paragraph 12 of the standard form of agreement executed by plaintiff and defendant, which reads as follows:

"12. Arbitration—All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party, in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects."

Pursuant to paragraph 12 of the agreement, each party selected one arbitrator and mutually agreed on a third arbitrator, the selection of whom was approved by the other two arbitrators.

Soon after the appointment of the arbitrators, the attorney for the defendant, Joseph A. L. Errigo, Esquire, sent a letter to the arbitrators which contained the following statements:

"Mr. Young has already informed you that we will proceed with our hearing on a rather informal basis. Technical rules will not apply nor will there be any technical objections. We want the Board to consider all the facts as they are pre-

sented in an atmosphere which will be free of technicalities and objections."

The board of arbitrators met on December 16 and 21, 1959, and terminated its hearing on January 11, 1960.

The transcript, consisting of some 535 pages, was delivered to the board by the reporter three days after the last day of the hearing, and the board delivered its award on February 29, 1960, which was 48 days after the last day of the hearing, and 45 days after the official transcript was delivered to the members of the board on January 14, 1960.

The Standard Form of Arbitration Procedure, issued by The American Institute of Architects, for the arbitration of controversies arising out of contracts entered into by the parties thereto, and which was to be used in accordance with the provisions of paragraph 12 of the agreement between the parties, provides in paragraph 14 as follows:

"14    Awards

"The arbitrators shall decide, by a majority vote, any issue presented to them within the scope of the controversy, including the making of the award. The award shall be made in writing and shall be signed by all or by a majority of the arbitrators, and shall be acknowledged when the prevailing law so requires. The award shall be made within a period of thirty days from the closing of the proceedings and shall be delivered or mailed simultaneously to each party, and a copy thereof to the Architect.

"Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."
Paragraph 15 provides:

"15    Extensions of Time

"Any time limitations set forth in this Standard Form of

Arbitration Procedure may be extended by the mutual written agreement of the parties. See articles 1, 2, 3 and 4."

There was neither an oral nor written request made of the defendant by any person for an extension of the 30-day period provided by paragraph 14, nor was the period extended by mutual written agreement of the parties, as provided by paragraph 15 of the Standard Form of Arbitration Procedure. At no time prior to the delay of the award did the defendant make any objection to the right of the board to continue its deliberations. On March 7, 1960, a week after the award was delivered, defendant's attorney for the first time advised plaintiff's attorney that defendant would refuse to abide by the award of the arbitrators, setting forth as a reason for its refusal:

"The final hearing of the arbitration proceedings was held on January 11, 1960 (Transcript Page 372). The official transcript was delivered to the members of the Board on January 14, 1960. The award of the Arbitration Board was not made until February 29, 1960 and is therefore a nullity and void."

In its award, the arbitrators allowed Fagnani 75% of the 5% of the estimated low cost of the building, which amounted to the sum of $23,279.40, from which was deducted the sum of $5,600, which had already been paid by the defendant to Fagnani, and in addition, defendant was to reimburse Fagnani for the cost of extra sets of plans and specifications in accordance with the terms of the contract. Further, the award required the defendant to reimburse Fagnani for all legal expenses involved in the arbitration proceedings.

Shortly after the award was rendered and before the defendant refused to comply with the award, H. Albert Young, Esquire, attorney for the plaintiff, and Joseph A. L. Errigo, Esquire, attorney for the defendant, discussed the problem of "a reasonable fee" in relation to the award of the

arbitrators ordering an allowance of such figure. The exact conversations which took place between counsel do not appear clearly in the pleadings.

This suit is brought in the amount of $17,198.27, which amount includes $16,779.40 which was awarded by the board for services rendered plus $418.87 for the cost of the plans and specifications, plus legal expenses involved in the arbitration proceedings and the reasonable legal fees of this action.

Defendant first contends that the award of the board of arbitrators was null and void because of the failure of the board to make the award within the 30-day period provided by paragraph 14 of the rules set forth in the Standard Form of Arbitration Procedure adopted in the contract for use by the parties in the event arbitration was agreed to by the parties.

A common-law arbitration agreement, such as that with which we are concerned, consists of two elements: (1) A contract between the parties whereby they mutually agree to submit their controversy to named arbitrators, and (2) a grant of power by each party authorizing the arbitrators to act in his behalf and to settle and determine the matter in controversy. *King v. Beale*, 198 *Va.* 802, 96 *S. E.* 2d 765, 63 *A. L. R.* 2d 746, 750.

Without doubt, the parties to an arbitration agreement may limit the time within which the arbitrators shall render their award. See *Sturges, Commercial Arbitration and Awards*, 1930 Ed., Sec. 222, p. 523. And, where the agreement, or the rules of procedure adopted by the parties in their agreement, require that an award be made within a specified time, it is generally recognized that such award must be signed and executed within that time unless the parties, in writing, have mutually agreed to an extension of time. *Goerke Kirch Co. v. Goerke Kirch Holding Co.*, 118 *N. J. Eq.*

1, 176 *A.* 902; 3 *Am. Jur.*, Arbitration and Award, § 116, p. 940; *Kellor, Arbitration in Action*, 2d Ed. 1941, p. 114.

Apparently, this was the rule at common law and the law recognized in this jurisdiction in 1835 in *Stevens v. Gray*, 2 *Harr.* 347, when this Court had before it a submission to arbitration which contained a proviso that the award should be made under the hands and seals of the arbitrators ready to be delivered on or before the 20th day of November. The case was tried and agreed upon on the 19th day of November, but it was not signed until after the 20th of November. Since the award was not signed and ready for delivery until after the 20th of November, it was the impression of the Court that this failure constituted a fatal objection to the award. Cited in *Sturges, Commercial Arbitration and Awards*,[1] *supra.*

The majority of cases decided in this country hold that the failure to comply with the time limitation as set forth in an agreement, a rule of court or a statute pertaining to arbitration proceedings is considered fatal since it is generally understood that after the expiration of the time allowed, the arbitrators no longer have any power to act, and an award made by them after the time fixed is considered void. *Public Utility Construction and Gas Appliance Workers of State of New Jersey Local No.* 274 *v. Public Service E. & G. Co.*, 35 *N. J. Super.* 414, 114 *A.* 2d 443; 154 *A. L. R.* 1392, 1394; 6 *Williston on Contracts*, Rev. Ed. Sec. 1929.

The plaintiff, Leon N. Fagnani, is aware of the general rule, but argues against it. He stresses that the tardy filing of the award in this case was an irregularity that did not go

---

[1]An award rendered after the date fixed by the parties can be vacated, and is neither conclusive nor enforceable, unless the parties agreed upon an extension of time, or a waiver of the limitation is found against the party who challenges the validity of the award. *Anderson v. Miller*, 108 *Ala.* 171, 19 *So.* 302; *Burnam v. Burnam*, 6 *Bush* 389, 69 *Ky.* 389; *St. Martin v. Mestaye*, 1866, 18 *La. Ann.* 320; *Stevens v. Gray*, Del. 1835, 2 *Harr.* 347.

to the substance of the agreement but was instead merely a procedural matter, which was a mere direction or instruction, of no obligatory force, and involving no invalidating consequences for its disregard. In other words, the plaintiff argues that the time requirement is not an imperative or mandatory provision which must be followed, but was prescribed with a view to the orderly conduct of the business. In support of his contention that the time provision set forth in the rules is directory rather than mandatory, the plaintiff cites several cases: *Pingree v. State Court of Mediation and Arbitration*, 130 *Mich.* 229, 89 *N. W.* 943; *Damon v. Berger*, 191 *Pa. Super.* 165, 155 *A.* 2d 388; *Brotherhood of Sleeping Car Porters v. Pullman Co.*, 7 *Cir.*, 200 *F.* 2d 160; *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local* 145 *v. Shapiro*, 138 *Conn.* 57, 82 *A.* 2d 345; *Danbury Rubber Company v. Local No.* 402, 20 *Conn. Sup.* 300, 134 *A.* 2d 356, affirmed 145 *Conn.* 53, 138 *A.* 2d 783.

In the *Pingree* case, *supra*, plaintiff brought proceedings before the State Court of Mediation and Arbitration to consider differences which arose between employees and their employer. A decision was rendered by the Mediation Court, whereupon plaintiff brought these proceedings to review the matter in the Supreme Court because it claimed the award was not rendered within ten days after the matter had been fully heard, as required by state statute. The matter had been fully heard by March 9, 1900, but the decision was not rendered until March 31, 1900. The Court held that the decision in this case was controlled by *Rawson v. Parsons*, 6 *Mich.* 401, 405, which was decided under a Michigan statute, which required the Court without a jury to render its decision before the first day of the term succeeding that in which the cause was submitted. In the *Rawson* case, it was decided that the time limitation placed on the Mediation Court was directory and the *Rawson* Court commented:

"It [the time limitation] imposes a duty upon the judge; but as the parties have no control over his action it would be a harsh construction which would deprive them of the fruits of litigation because the judge fails to decide by a particular day."

In *Damon v. Berger, supra,* the controversy was submitted for compulsory arbitration under the Arbitration Act and the local rules of court. A hearing was held before a board of arbitrators on January 20, 1959, and on February 27, 1959, the arbitrators filed the award in court in favor of the plaintiff for $1,012.77 dated January 20, 1959. On March 3, 1959, defendant filed exceptions to the decision of the arbitrators alleging "misconduct" in that they did not file the award within 20 days after its rendition in accordance with Local Court Rule IV, subd. A, which provides:

"* * * within twenty (20) days after the hearing, the Board of Arbitrators shall file a report and award * * *".

On May 4, 1959, the lower court dismissed defendant's exceptions, because the failure to file the award did not constitute misconduct, but at the same time, on its own accord the court below struck off the award of the plaintiff because of the board's noncompliance with the filing provision of its local rule. Plaintiff appealed the action of the court below in striking the award, and this court quashed the appeal for the reason that the order was not appealable since it was now interlocutory. The court had no alternative but to decide as it did, but nevertheless voiced its disapproval of the action of the court below for striking the award in the first instance since it indicated such action was unnecessary because the court rule was merely directory.

In *Kuzemchak v. Bukofski,* 2 Pa. Dist. & Co. R. 2d 810, the Common Pleas Court of Luzerne County construed the Act of June 16, 1836, P. L. 715, as amended, Sp. S. 31, and a similar rule of court and dismissed a rule to strike off an

award of arbitrators which was filed 33 days after hearing, and held the word "shall" in the Act and the rule was directory and not mandatory.

The cases that plaintiff cites as supporting his view that time limitations for rendering decisions by arbitrators are directory deal with "time limits" set in rules of court or statute. Generally, the word "directory" is a term used by a court when interpreting a statute, rule of procedure, boundary call, trust, will or the like, 26A *C. J. S.* Directory (as an adjective) p. 958; Black, L. D., 12A *Words and Phrases*, Directory, p. 162, etc. Even though the term "mandatory provision" is used in the cases cited by plaintiff in interpreting a clause in an agreement, *Johnson v. Crawford*, 212 *Pa.* 502, 61 *A.* 1103; *General Metals Corporation v. Precision Lodge et al.*, Dist. Ct. App. 2d *Div.*, 6 *Cal. Rptr.* 910, the word "directory" has not been used in determining a "time limit" clause in a common-law agreement absent court rule or statute, in cases cited by the plaintiff, with the possible exception of *Brotherhood of Sleeping Car Porters v. Pullman Co.*, 7 *Cir.*, 200 *F.* 2d 160.

In the *Pullman* case, the Court had before it an agreement with a time limitation with no applicable state statute or rule of court. The Court discussed the term "directory" as applicable to the "time limit" provided in the agreement, but after the Court's attention was called to the fact that it had before it a common-law agreement, it rested its final decision on "waiver" of the time provision.[2]

*International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local* 145 *v. Shapiro*, 138 *Conn.* 57, 82 *A.* 2d 345, 350, had an agreement which provided that the grievances should be referred to the State

---

[2]In fact, the headnote to the case makes this clear: "* * * The Court of Appeals, Kerver, Circuit Judge, held that the conduct of employee's representative constituted waiver of the time provision of the collective bargaining agreement between employee's representative and the employer."

Board of Mediation, which was established by a statute providing that "after a matter has been fully heard, the (board) * * * shall, within * * * fifteen days, render a decision thereon in writing." An award was made more than a month after the hearing. The court rejected the contention that the award was invalid because it was not made within the time limitation set by the statute, and stated that the time limit in the statute was merely directory since it related only to procedure. Accord: *Danbury Rubber Company v. Local No. 402, 20 Conn. Sup.* 300, 134 *A.* 2d 356, affirmed 145 *Conn.* 53, 138 *A.* 2d 783.

It is interesting to note that in *Textile Workers Union v. Uncas Printing & Finishing Company, Inc.*, (below: 19 *Conn. Sup.* 385, 115 *A.* 2d 473), 20 *Conn. Sup.* 91, 125 *A.* 2d 236, the Court interpreted § 8159 of the General Statutes of Connecticut, which provides that if the time within which the award shall be rendered shall not have been fixed in the agreement of submission, it must be made within sixty days from the date on which the arbitrator was "empowered to act", and that if this is not done, and no extension of time is granted by the parties, the award is without legal effect. The Court stated, in part, on page 238 of 125 *A.* 2d:

"Turning to § 8159, it will be found to have accomplished two basic objectives. In the first place, it codified the common-law rule that an award not made within the time provided in the agreement of submission is invalid. *Hall v. Hall*, 3 *Conn.* 308, 309, 313; Note, 154 *A.L.R.* 1392, 1394; 6 *Williston, Contracts* (Rev. Ed.), § 1929, n. 2. * * *"

See, also, in accord, dictum in *Nathan v. United Jewish Center of Danbury*, 20 *Conn. Sup.* 183, 129 *A.* 2d 514.

Thus, is can be seen that § 8159 is recognized by Connecticut as the rule in a submission under a common-law agreement, which is before this Court in the instant case.

The *Damon* and *Kuzemchak* courts, *supra*, had before them a rule of Pennsylvania courts. In *Smith v. Smith,* 49 *Pa. Super.* 423, 426, a Pennsylvania court stated:

"* * * it is a well-established principle that rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application * * *."

There is no evidence that the *Damon* and *Kuzemchak* courts disagreed with *Johnson v. Crawford,* 212 *Pa.* 502, 61 *A.* 1103, where the Supreme Court of Pennsylvania held in 1905 that the fact that one of the arbitrators was ill so that the board was unable to convene in proper quorum did not suspend the time limitation agreed upon by the parties for rendering the award. On page 1103, the Court stated:

"The parties are bound by the terms of their submission, and the failure to comply with the stipulation requiring the case to be submitted within the time designated in the agreement is fatal to any proceedings taken thereafter under the submission. The parties themselves may extend the time within which the cause is to be heard by arbitrators or the award is to be made, but without such action by the parties, the limit named in the submission must be observed. The arbitrators themselves cannot disregard the stipulation of the submission in this respect, and, if they do, their award is of no validity and will be set aside. The cause of the neglect of the arbitrators to act within the time fixed in the submission, not being imputable to the parties, is immaterial. The stipulation in this agreement is mandatory, and the illness of one of the arbitrators would not relieve the parties from submitting the controversy to the arbitrators within the 60-day limit."

The parties have written this contract adopting the Standard Form of Arbitration Procedure as a part of the agreement. This court should not vary the terms of the contract nor should it write a new one for the parties. While it

is true that settlement of a controversy by arbitration is favored by the courts, nevertheless, the authority of the arbitrators is derived from the mutual assent of the parties to the terms of the submission. The parties are bound only to the extent, and in the manner, and under the circumstances pointed out in their agreement, and they have a right to stand upon the precise terms of their contract. *Machine Printers Beneficial Ass'n of United States v. Merrill Textile Paint Works*, 12 *N. J. Super.* 26, 78 *A.* 2d 834; *United Electrical Radio & Machine Workers of America, Local* 411, *C. I. O. v. National Pneumatic Co.*, 134 *N. J. L.* 349, 48 *A.* 2d 295.

The mandatory time limitation set for the arbitrators to render their decision may have been the true intention of the parties. In fact, Kellor, on page 114 of his 1941 book entitled *"Arbitration in Action"*, states:

"Whenever the parties undertake to fix the time, either in their submission or rules, it should be set at a definite period. For example, the Rules of the Association provide that the award shall be made within 30 days from the date of closing of the proceedings or, if oral hearings have been waived, 30 days from the date of transmitting the final statements and proofs to the arbitrators, unless the parties have extended the time.

"It will not suffice that parties specify that the arbitrators shall use 'expedition' for expedition as a matter of opinion and unless the parties expressly fix the time in advance, they cannot say afterward how rapidly it shall proceed. *Dickie Mfg. Co. v. Sound Construction Co., Sup. Ct.* [92] *Wash.* [316], 159 *Pac.* 129.

"As the failure of the arbitrators to observe time limitations in making their awards may subject the award to annulment, and as, in the absence of time limitations, arbitrators may delay indefinitely making their award, parties should

always provide for a time limitation and call the attention of the arbitrators to this provision."

In the principal case the time limitation was known to the arbitrators or was brought to their attention by the last words uttered on the last day of the hearings as follows:

"Chairman Young (Arbitrator): Do I understand that after we receive the transcript we will meet and decide and then give an opinion and that we have thirty days?

"Mr. Errigo (attorney for defendant): That is right.

"Mr. Young: That is right.

"Mr. Errigo: That is, you three gentlemen meet. We have nothing to do with that.

"Chairman Young: That is correct. Very well."

Thus, where, in an agreement, absent use of applicable statute or court rule, the parties set a time limit for the rendition of an award by the arbitrators, it is generally understood that such time limitation is absolute.[3]

It is also noted again that in the majority of jurisdictions where an applicable statute or court rule sets a time

---

[3]In the recent decision of *General Metals Corporation v. Precision Lodge 1600 et al.*, 6 *Cal. Rptr.* 911, a District Court of Appeal of California (August 5, 1960) stated:
"The decisive question presented on the appeal is whether the court correctly vacated the award because it was not rendered within the 15-day period. The question must be answered in the affirmative. It has been the law of California since 1866 that when the time for making an award has been fixed by agreement of the parties, the arbitrator has no jurisdiction to make an award after the time has expired and the same must be vacated by the court upon proper application. *Ryan v. Dougherty,* 30 *Cal.* 218; *In re Abrams and Brennan,* 2 *Cal. App.* 237, 84 *P.* 363; *Matter of Silliman,* 159 *Cal.* 155, 113 *P.* 135; *Willis Finance & Construction Co. v. Porter,* 88 *Cal. App.* 523, 263 *P.* 842. This view is in accord with the weight of authority. See cases collected in 154 *A. L. R.* 1392 * *".
See, also, *Rusnak v. General Controls Co.,* Dist. Ct. of App. 2d Dist., Div. 3, Cal., 7 *Cal. Rptr.* 71.

limit for decisions of arbitrators, the provision is interpreted as mandatory. 6 *C. J. S. Arbitration and Award* § 51(c), p. 193.

The rule set forth in *Stevens v. Gray*, 1835, 2 *Harr.* 347, 154 *A. L. R.* 1392, 1394—1395, is still the rule in Delaware and I decide that the award of the arbitrators indisputably made by the arbitrators more than 30 days after the close of the proceedings, without an agreement in writing for an extension of time, was invalid, and cannot be enforced, unless it can be determined from the pleadings that the defendant's right to object to the award made after the expiration of the specified time has been waived.

Plaintiff argues that defendant has waived its right to object to the "technical dereliction" of the board by its specific undertaking to avoid "technical rules" and "technical objections" in a letter transmitted to the Chairman of the Board by defendant's attorney and by defendant's conduct in failing to raise the objection to the lateness of the Board's decision until a week after the delivery of the Board's award.[4] Defendant contends that it has not waived its right to rely on the 30-day limitation provided by paragraph 14 of the Standard Form of Arbitration Procedure which by agreement of the parties governed the arbitration proceedings.

Undoubtedly, even if time is of the essence, it may be waived, either by consent or by the conduct of the parties. 3 *Am. Jur., Arbitration and Award,* § 116, p. 940. The question of the existence of waiver is generally one of fact, and whether the facts amount to a waiver is a matter

---

[4]The Uniform Arbitration Act of 1955, which has been adopted only in the state of Minnesota, provides in Section 8, in the third sentence of subsection (b) thereof, as follows:

"(b) * * * A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him." *M. S. A.* § 572.15(b).

of law. *Brotherhood of Sleeping Car Porters v. Pullman Co.,* *7 Cir.,* 200 *F.* 2d 160, 164.

■ Unfortunately, this matter arises pursuant to plaintiff's motion under Rule 12(h), *Del. C. Ann.,* for judgment on the pleadings based on defendant's alleged failure to state a legal defense to his action. A motion for judgment on the pleadings has been viewed as in the nature of a general demurrer or motion to dismiss in that it admits, for the purpose of the motion, the allegations of the opposing party's pleadings but contends that they are insufficient at law. *Commentary,* 3 *F. R. S.* 676. The motion presents a question of law and cannot be granted where the pleading raises any material issue of fact. *Edelman v. Locker, D. C. Pa.,* 6 *F. R. D.* 272.

Admitting, for the purpose of this motion, the truth of defendant's allegations in its answer, 2 *Moore, Federal Practice,* par. 12.15, p. 2269, it cannot be determined at this stage of the case whether waiver exists as a matter of law. The briefs actually supply many more facts to the court than do the complaint and answer. The briefs, containing assertions of facts and inferences drawn therefrom not present in the pleadings, cannot be considered as part of the pleadings for the purpose of considering this motion. *Cf. Lane v. Greyhound, D. C.,* 13 *F. R. D.* 178, 17 *F. R. S.* 803. Also, on facts alleged in the pleadings there is a dispute by the parties as to the interpretation to be given such facts and the surrounding circumstances. In passing on this motion, it is not this court's function to decide issues of fact.

I cannot determine from the pleadings alone whether the defendant waived the time limitation provided in paragraph 14 of the Standard Form of Arbitration Procedure.

My decision herein makes it unnecessary for me to determine at this time whether the Board exceeded its authority

in making an award of all legal expenses to the plaintiff. Plaintiff's motion denied.