# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRIUMPH AEROSTRUCTURES-<br>
TULSA, LLC

    Plaintiff

v.

SPIRIT AEROSYSTEMS, INC.

    Defendant

) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. N17C-11-262 MMJ CCLD

SPIRIT AEROSYSTEMS, INC.

    Counterclaim-Plaintiff

v.

TRIUMPH AEROSTRUCTURES -<br>
TULSA, LLC & TRIUMPH GROUP,<br>
INC.

    Counterclaim Defendants

) ) ) ) ) ) ) ) ) ) ) )

Submitted: July 19, 2018<br>
Decided: August 8, 2018

On Plaintiff's Motion for Judgment on the Pleadings<br>
on the Issue of Liability<br>
**GRANTED IN PART**

**MEMORANDUM OPINION**

1

David J. Margules, Esquire, Evan W. Krick, Esquire, David H. Pittinsky, Esquire (Argued), Burt M. Rublin, Esquire, Ballard Spahr LLP, Attorneys for Plaintiff

Robert W. Whetzel, Esquire, Travis S. Hunter, Esquire, Richards, Layton & Finger, P.A., Eric Fishman, Esquire (Argued), Anne Catharine Lefever, Esquire (Argued), Pillsbury Winthrop Shaw Pittman LLP, Attorneys for Defendant

**JOHNSTON, J.**

## PROCEDURAL AND FACTUAL CONTEXT

Plaintiff Triumph Aerostructures-Tulsa, LLC is a supplier of aerospace components and systems. Defendant Spirit Aerosystems, Inc. designs and manufactures large aircraft structures, including wings.

This case arises out of an asset purchase agreement ("APA"). Triumph acquired two Gulfstream Aerospace Corporation wing supply programs from Spirit. The APA, dated December 8, 2014, allocated the parties' assumption of liabilities and obligations. Triumph filed this action on December 1, 2017.

As the seller, Spirit retained responsibility for Excluded Liabilities. The parties now dispute the interpretation of Excluded Liabilities. Triumph alleges that Excluded Liabilities includes all "matter[s] set forth on Schedule 3.19(b)." Spirit filed a counterclaim, demanding attorneys' fees and costs incurred in connection with Triumph's refusal to assume "all Warranty Liabilities."

This action was stayed while the parties engaged in mediation. The mediation was unsuccessful. Triumph filed the instant Motion for Partial Judgment on the Pleadings. Triumph seeks a judicial declaration that Spirit is liable for all Schedule 3.19(b) liabilities.

## STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings in the light most favorable to the non-moving party. If the pleadings raise any material issues of fact, the motion cannot be granted.[1] Where a motion is supported by affidavits, and matters outside the pleadings are injected, the motion is treated as one for summary judgment.[2] When the motion involves contract interpretation, and the provision at issue is susceptible to more than one reasonable construction, the motion must be denied.[3]

## ANALYSIS

Triumph's request for relief in the pending motion is narrow.

> Triumph respectfully requests that this Court declare that the "(including any matter set forth on Schedule 3.19(b))" Excluded Liability in APA Section 1.2(c)(xi) requires Spirit to "pay, perform, discharge or otherwise satisfy" all of the Liabilities which arise out of

---

[1] *Fagnani v. Integrity Fin. Corp.*, 167 A.2d 67, 75 (Del. 1960).
[2] *Brown v. Colonial Chevrolet Co.*, 249 A.2d 439, 441 (Del. Super. 1968).
[3] *BAE Sys. N. Am. Inc. v. Lockheed Martin Corp.*, 2004 WL 1739522, at *4 (Del. Ch.).

all of the matters set forth on Attachment 3.19(b), which was incorporated by reference in Schedule 3.19(b).[4]

Spirit counters that the APA expressly states that Triumph assumes "all Warranty Liabilities." Thus, all Warranty Liabilities on Schedule 3.19(b) are not Spirit's responsibility.

### *Relevant APA Provisions*

Section 1.2 Assumption of Liabilities of the APA provides:

(a) [Triumph] shall assume from [Spirit] . . . all of the Assumed Liabilities (as defined below).

\*     \*     \*

(b)(ii) [and (iii)] all Warranty Liabilities arising from the defective manufacture [or design] of products . . ., whether manufactured [or designed] before, on or after the Closing date and whether delivered to customers before, on or after the Closing Date, but excluding (A) any Liabilities arising from Known Claims . . .

\*     \*     \*

(c) [Triumph] shall not assume, and [Spirit] shall retain . . . all Liabilities other than the Assumed Liabilities (collectively, the "Excluded Liabilities"), including the following liabilities:

\*     \*     \*

(vii) Liabilities arising from either (A) Known Claims . . .

\*     \*     \*

(xi) . . . Liabilities arising out of any lawsuit, proceeding, claim, arbitration, mediation, governmental inquiry, or investigation pending as of the Closing

---

[4]Plaintiff's Opening Brief at 14.

4

(including any matter set forth on Schedule 3.19(b)), except for Liabilities to the extent such Liabilities relate to any act or omission of [Triumph] after the Closing Date . . .

\*    \*    \*

12.1 Definitions . . .

"Known Claims" means claims for refund, reimbursement, return, replacement, repair or correction arising from non-conforming products submitted to [Spirit] in writing prior to the Closing Date in accordance with the provisions of the applicable customer agreement.

\*    \*    \*

"Liabilities" means all indebtedness, obligation and other liabilities (or contingencies that have not yet become liabilities), whether absolute, accrued, matured, contingent (or based upon any contingency) known or unknown, fixed or otherwise, or whether due or to become due, including without limitation, any fines, penalties, judgments, awards or settlements respecting any judicial, administrative or arbitration proceedings or any damages, losses, claims or demands with respect to any Law.

### Contract Interpretation

A contract is ambiguous when the questioned provision is reasonably susceptible of two or more interpretations. "Courts will not torture contractual terms to impart ambiguity when ordinary meaning leaves no room for uncertainty."[5] When a contract is unambiguous, "extrinsic evidence may not be used to interpret the intent

---

[5] *Rhone-Poulenc Basic Chemicals Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

of the parties, to vary the terms of the contract, or to create an ambiguity."[6] A party will be bound to plain, clear and unequivocal contract language. "[C]reating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented."[7] Judgment on the pleadings may be granted as a matter of law to enforce unambiguous contracts because there is no need to resolve material disputed facts.[8]

### *APA Interpretation*

Triumph contends that Excluded Liabilities (for which Spirit remains responsible) include "any matter set forth on Schedule 3.19(b)."[9] The APA definition of Liabilities is broad and comprehensive.[10] Triumph argues that the phrase "including any matter set forth on Schedule 3.19(b)" is a term of enlargement, not limitation.[11] Triumph states that Schedule 3.19(b) is a list of Known Claims, of which Spirit was aware as of the Closing.

---

[6]*Eagle Industries, Inc. v. DeVillbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997).
[7]*Rhone-Poulenc*, 616 A.2d at 1195–96; see *E.I. duPont de Nemours & Co. v. Medtronic Vascular, Inc.*, 2013 WL 261415, at *26 (Del. Super.).
[8]*Alcoa World Alumina LLC* v. Glencore Ltd., 2016 WL 521193, at *6 (Del. Super.).
[9]APA §1.2(c)(xi). Schedule 3.19(b) incorporates Attachment 3.19(b). The list of matters is actually set forth in Attachment 3.19(b).
[10]APA §12.1.
[11]*See American Surety Co. v. Marotta*, 287 U.S. 513, 517 (1933) ("In definitive provisions of statutes and other writings, 'include' is frequently, if not generally, used as a word of extension or enlargement rather than as one of limitation or enumeration.").

Spirit asserts that the APA requires Triumph to assume "all Warranty Liabilities . . . whether manufactured before, on or after the Closing Date . . . ."[12] Spirit posits that Schedule 3.19(b) contains items that did not "aris[e] out of any lawsuit, proceeding, claim arbitration, mediation, governmental inquiry, or investigation pending as of the Closing . . . ."[13] Thus, Spirit claims it is only liable for Schedule 3.19(b) matters that constituted pending disputes, proceedings, or investigations as of the Closing.

At this stage of the proceedings, what exactly is included in Schedule 3.19(b) remains a question of fact. An additional issue of fact is the existence and import of $15 million Spirit claims it paid Triumph to assume all Warranty Liabilities. However, neither of these factual questions are relevant upon a finding that the contractual language at issue is clear and unambiguous. The content of Schedule 3.19(b) might come into play to determine the amount of Spirit's retained liability. The $15 million payment likely never will be relevant. Spirit has failed to demonstrate even a *prima facie* issue of fact that the executed version of the APA delineated any portion of the sale proceeds as consideration for any specific assumption of liability.

---

[12] APA §1.2(b)(ii) and (iii).
[13] APA §1.2(c)(xi).

The Court finds APA §1.2(c)(xi) to be clear and unambiguous. This Section must be interpreted standing alone, as well as construed in the context of the contract as a whole.[14] The plain language can only be read in a way that "including any matter set forth on Schedule 3.19(b)" modifies and clarifies "Liabilities arising out of any lawsuit, proceeding, claim, arbitration, mediation, governmental inquiry, or investigation pending as of Closing . . ." Whether or not Schedule 3.19(b) lists matters in addition to defined Liabilities is a matter for another day.

Triumph agreed to assume "all Warranty Liabilities."[15] That assumption explicitly excludes Known Claims.[16] Spirit agreed to retain Excluded Liabilities.[17] Excluded Liabilities include Liabilities arising from Known Claims.[18] Excluded Liabilities include any matter set forth on Schedule 3.19(b), which is a Liability arising out of any lawsuit, proceeding, claim, arbitration, mediation, governmental inquiry, or investigation pending as of the Closing.[19]

---

[14] *Kuhn Constr. Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 396–97 (Del. 2010) (basic tenet of contract law requires specific clauses to be construed within the context of the entire contract, not in isolation).
[15] APA §1.2(b)(2).
[16] *Id.*
[17] APA §1.2(c).
[18] APA §1.2(c)(vii).
[19] APA §1.2(c)(xi).

## CONCLUSION

The Court finds APA §1.2(c)(xi) to be clear and unambiguous. Spirit is required to "pay, perform, discharge or otherwise satisfy"[20] all Liabilities arising from Known Claims. Liabilities include matters set forth on Schedule 3.19(b), which incorporates Attachment 3.19(b). The Court cannot determine at this juncture whether every single matter on Attachment 3.19(b) is a "Liability arising out of any lawsuit, proceeding, claim, arbitration, mediation, governmental inquiry, or investigation pending as of Closing . . ."

**THEREFORE,** Plaintiff's Motion for Judgment on the Pleadings is hereby **GRANTED IN PART.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[20]APA §1.2(c).

9