# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HANDLER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N21C-04-016 VLM |
| | ) | |
| WEST AMERICAN INSURANCE | ) | |
| COMPANY d/b/a/ LIBERTY | ) | |
| MUTUAL INSURANCE | ) | |
| COMPANY and/or LIBERTY | ) | |
| MUTUAL GROUP, and S.T. GOOD | ) | |
| INSURANCE, INC., d/b/a/ S.T. | ) | |
| GOOD INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Submitted: November 17, 2021
Decided: January 19, 2022

*Upon Consideration of Defendant West American Insurance Company's Motion for Judgment on the Pleadings as to Defendant S.T. Good Insurance, Inc.'s Crossclaims,*

## DENIED.

Louis J. Rizzo, Jr., Esquire of Reger, Rizzo & Darnall, Wilmington, Delaware. *Attorney for Plaintiff*.

David G. Culley, Esquire of Tybout, Redfearn & Pell, Wilmington, Delaware. *Attorney for Defendant West American Insurance Company*.

Marc Sposato, Esquire of Marks, O'Neill, O'Brien, Doherty & Kelly, Wilmington, Delaware. *Attorney for Defendant S.T. Good Insurance, Inc*.

**MEDINILLA, J.**

1

**AND NOW TO WIT**, this 19th day of January 2022, upon consideration of Defendant West American Insurance d/b/a Liberty Mutual Insurance Co. and/or Liberty Mutual Group's ("Liberty Mutual") Motion for Judgment on the Pleadings, Cross-claim Defendant S.T. Good Insurance, Inc.'s ('Good") Response in Opposition, oral arguments, and the record in this case, **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED** for the following reasons:

1. This case involves allegations for breach of contract made by Plaintiff Handler Corporation ("Plaintiff") against both Defendants Liberty Mutual and Good.[1] The relationship of the parties is as follows: Plaintiff, a residential home builder,[2] contracted with Good to broker an insurance policy intended to provide coverage during the buildout of multiple houses throughout Delaware.[3] Acting on behalf of Plaintiff, Good submitted an insurance application to Liberty Mutual.[4] Liberty Mutual in turn issued a Builders' Risk Policy (the "Policy") to Plaintiff.[5]

2. On August 4, 2020, a tornado (windstorm) struck and caused total loss or damage to several houses under construction.[6] Plaintiff filed a claim for losses in

---

[1] *See* Amended Complaint, D.I. 14 [hereinafter Amended Complaint].
[2] *Id.* ¶ 1.
[3] *Id.* ¶ 5.
[4] *Id.* ¶ 8.
[5] *See id.* ¶¶ 11-13; Defendant Liberty Mutual's Opening Brief, D.I. 25, at 1 [hereinafter Opening Brief].
[6] Amended Complaint, ¶ 18; Answer of Defendant Liberty Mutual to Amended Complaint, D.I. 15, ¶ 18 [hereinafter Defendant's Answer to Amended Complaint].

the amount of $605,793.08.[7]   Liberty Mutual paid what it considers to be the catastrophe limit of $250,000 under the Policy.[8]

3.      On April 5, 2021, Plaintiff filed its Complaint against both Liberty Mutual and Good, alleging breach of contract *inter alia*.  On July 20, after an Amended Complaint was filed, Good filed its Answer to the Amended Complaint and further alleged crossclaims of negligence, breach of contract, and estoppel against Liberty Mutual.

4.      Good's primary contention is that a separate contract existed between Liberty Mutual and Good,[9] and that Liberty Mutual's provision of insufficient coverage constitutes a breach of contract.[10]   In the alternative, Good alleges promissory estoppel.[11]

5.      On July 9 and August 5, respectively, Liberty Mutual filed two Motions for Judgment on the Pleadings against Plaintiff and Good.  As to Good, Liberty Mutual seeks dismissal, arguing that the crossclaims for negligence[12] and breach of

---

[7] *See* Amended Complaint, ¶ 19.
[8] *Id.* ¶ 20.
[9] Answering Brief, D.I. 26, at 8 [hereinafter Answering Brief].
[10] *Id.* at 9.
[11] *Id.* at 15.
[12] Opening Brief, at 4–5.

contract[13] fail to state a claim upon which relief may be granted and that Good's crossclaim for estoppel fails to "invoke the concept of detrimental reliance."[14]

6.    After submission of the parties' pleadings, oral arguments were held on November 17, 2021. This matter is now ripe for decision and focuses solely on Liberty Mutual's Motion as to Good.

**Standard of Review**

7.    A motion for judgment on the pleadings is akin to a motion to dismiss or general demurrer to the plaintiff's complaint.[15] Under Rule 12(c), the motion may be raised at any time after the pleadings are closed and within such time so as to not delay trial.[16] The motion accepts as true the allegations in the complaint and contends that they are insufficient as a matter of law to grant relief to the plaintiff.[17] Where the pleadings raise "any material issue of fact," denial of the motion is appropriate.[18] Any factual assertions must be contained within the pleadings

---

[13] *Id.* at 19 (specifically, (1) indefiniteness of the agreement; (2) lack of consideration; (3) complete integration; (4) Plaintiff accepted Liberty Mutual's counteroffer; and (5) Plaintiff had a duty to read the contract).

[14] *Id.* at 25.

[15] *See Fagani v. Integrity Fin. Corp.*, 167 A.2d 67, 75 (Del. Super. 1960).

[16] DEL. SUPER. CT. CIV. R. 12(c).

[17] *See Fagani*, 167 A.2d at 75; *see also Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993) (addressing DEL. CH. CT. CIV. R. 12(c)).

[18] *See Fagani*, 167 A.2d at 75; *see also Desert Equities*, 624 A.2d at 1205 (citing *Fagani*, 167 A.2d at 75).

themselves.[19]   If a motion injects material outside the pleadings, the motion is converted to a motion for summary judgment.[20]

**Discussion**

8.     Under Delaware law, an enforceable contract must have three elements: (1) intention of the parties to be bound, (2) sufficiently definite terms, and (3) consideration.[21]  A court "will deny the existence of a contract only if the terms 'are so vague that a Court cannot determine the existence of a breach.'"[22]   When considering dismissal, "the Court must view the facts underlying the contract's formation in the light most favorable to the non-moving party."[23]

9.     In so doing, first, it is unclear at this stage whether Good and Liberty Mutual intended to be bound by any agreement.  Good asserts that it and Liberty Mutual entered into a valid and enforceable contract to provide insurance coverage to Plaintiff, and cites to various written communications between Good and Liberty Mutual regarding the terms of said coverage.[24]  The required amount of coverage was communicated to Liberty Mutual along with the number of homes to be covered,

---

[19] *See Fagani*, 167 A.2d at 75.

[20] *Jones v. Julian*, 188 A.2d 521, 522 (Del. Super. 1963), *rev'd on other grounds*, 195 A.2d 388.

[21] *See, e.g.*, *Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010); *Bryant v. Way*, 2011 WL 2163606, at *4 (Del. Super. May 25, 2011); *Carlson v. Hallinan*, 925 A.2d 506, 524 (Del. Ch. 2006).

[22] *Bryant*, 2011 WL 2163606, at *4 (quoting *Cont'l Ins. Co. v. Rutledge & Co., Inc.*, 750 A.2d 1219, 1230 (Del. Ch. 2000).

[23] *Id.* (citing *Bren v. Capital Realty Group Senior Hous., Inc.,* 2004 WL 370214,*7 (Del. Ch. Ct. 2004)).

[24] *See* Answering Brief, at 10–11; Exhibit B to Defendant's Answer.

5

and the estimated value of each house.[25] Discussions between the two parties also included a request to bind the coverage for a specific date[26] and Liberty Mutual's agreement to comply.[27]

10. Furthermore, Good asserts it promised Liberty Mutual to collect monthly premiums and Liberty Mutual promised commissions based on the premiums collected by Good.[28] Because Delaware courts limit review of consideration to whether it exists and Good has established consideration in the form of promises, at this juncture, in viewing the documents in the light most favorable to the non-moving party, a question of fact remains as to whether Good and Liberty intended to form an agreement. Without further discovery, such a determination is premature and dismissal inappropriate.

11. Alternatively, in the absence of a formed contract, Good's claim under promissory estoppel is appropriate.[29] The elements of such a claim are properly alleged.[30] Good asserts a promise was made by Liberty Mutual when it promised to

---

[25] *See* Exhibit B to Defendant's Answer to the Amended Complaint, at 12.
[26] *See id.* at 3.
[27] *See id.* at 1.
[28] Answering Brief, at 13.
[29] *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1031 (Del. 2003).
[30] *See Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000) (establishing the party seeking promissory estoppel must show: "(i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promise; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise.").

issue an insurance policy consistent with discussed terms,[31] and misled Good when it provided coverage "sufficient only to cover the loss of one completed home"[32] for the 80+ housing project. Good alleges its reliance was reasonable[33] and to its detriment.[34] In viewing the pleadings in the light most favorable to Good, more discovery is required.

12. Defendant's argument for dismissal under the economic loss doctrine also fails. Delaware courts have adopted exceptions to this rule, including Restatement (Second) of Torts § 552 for negligent misrepresentation of information.[35] Good alleges that Liberty Mutual falsely represented that the Policy was sufficient to cover Plaintiff's losses.[36] Good alleges it relied on this representation when it recommended the Policy to Plaintiff.[37] Although a claim for negligence will be precluded if a valid contract is found between Good and Liberty Mutual, for the reasons stated, this claim survives. More discovery and extrinsic evidence is needed to determine whether negligent misrepresentations were made in the absence of a contract between Good and Liberty Mutual.

---

[31] Answering Brief, at 16.
[32] *Id.* at 18.
[33] *Id.* at 16.
[34] *Id.* at 16–17 (representing the Policy to the Plaintiff in accordance with Liberty Mutual's promise).
[35] *See Guardian Construction Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1383–86 (Del. 1990).
[36] Answering Brief, at 23–24.
[37] *Id.* at 24.

## Conclusion

For the reasons stated above, several material issues of fact have been raised to survive dismissal. Therefore, Liberty Mutual is not entitled to judgment as a matter of law and its Motion for Judgment on the Pleadings as to the Crossclaims of Good is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge