JAMES WALLER vs. JAMES B. SHANNON.

W and F, having a controversy as to a claim of indebtedness, submitted the matter to an arbitrator, by a written submission which provided that the award should be "final and conclusive, and made to be executed within ten days · after the award." The award as made merely directed that F should pay W sixty-five dollars. Held to be void as not following the submission.

DEBT on a bond for the performance of an award; brought · to the Superior Court in Windham County, and tried to the jury on the general issue, before Carpenter, J.

On the trial· it appeared that the plaintiff and one James Farrell, previous to the 22d day of January, 1876, had had a controversy with regard to a claim of the plaintiff that the said Farrell was indebted to him, and that on that day they submitted the matter to arbitration by the following written submission:

"Whereas James Waller and James Farrell have a dispute about a claim of said Waller against said Farrell for work and labor, and said Farrell claims to owe nothing for the same, said parties to determine said question of claim on the part of each as above, agree to submit said matter to the arbitrament and award of Samuel Hutchins, to be heard and determined before the tenth day of February next. The first hearing shall be at the office of E. L. Cundall in Killingly, on the 28th day of January inst., at 10 o'clock, forenoon, and may be adjourned from time to time, so the matter be awarded on or before February 10th, proximo. Said Waller shall fur-. nish, in writing, a statement of his claim to said Cundall, attorney for said Farrell, on or before the 24th inst., and said Farrell shall at said delivery to said Cundall, deliver to said person who shall deliver said account to said Cundall, his, the said Farrell's, claims against said Waller, and the claims so made out shall be the matters to be determined under this submission. The award in the premises to be final and conclusive, and shall be made to be executed within ten days of the award, and the parties agree each with the other to keep and abide the award made as aforesaid. Dated at Killingly. this 22d day of January, 1876.

JAMES WALLER,<br>
JAMES FARRELL."

The bond now in suit was given by Farrell as principal and. the defendant as surety, jointly and severally, for the performance of the award on the part of Farrell. The award; was made on the 4th day of February, 1876, and was as. follows:

"The undersigned, Samuel Hutchins, having been duly appointed arbitrator as to certain claims, matters and differences between James Waller and James Farrell, by a submission in writing, duly executed and delivered by the said parties, bearing date the 22d day of January, 1876, reference. thereto being herein had for the terms, conditions and subject matter of said submission; having heard said parties and examined their claims, and fully heard their proofs and coun-. sel, and duly considered the same, do find that there is now;

due upon the claims existing between said parties embraced in said submission, from said James Farrell to the said James Waller, the sum of sixty-five dollars. I do therefore award, determine and order that the said James Farrell shall pay to the said James Waller the sum of sixty-five dollars as his just claim and demand, and shall also pay the arbitrator's fee, amounting to ten dollars. In witness whereof I have hereunto set my hand this fourth day of February, 1876.

SAMUEL HUTCHINS."

Farrell failed to pay the amount awarded within ten days after the award was made, and demand was thereupon made upon the defendant upon the bond and the present suit brought. The defendant upon the trial claimed, and asked the court to rule, that the award was void because not required by its terms to be performed within ten days after it was made, according to the terms of the submission. The court did not so rule, but held the award to be valid, and so instructed the jury.

The jury having brought in a verdict for the plaintiff, the defendant moved for a new trial for error in this ruling of the court.

*W. H. Shields* in support of the motion.

By the submission it is expressly provided that "the award shall be made to be executed within ten days after the award." The arbitrator in making the award to be performed immediately, transcended this express limitation of his powers, and the award is therefore void. 1 Swift Dig., 468, 471.

*T. E. Graves*, contra.

The submission fixes the time for the performance of the award and nothing that the arbitrator should say or should omit to say in the award could change it. If there had been no provision in the submission that the award should not be payable until the end of ten days, it would have been payable immediately. It becomes payable now, by the agreement of the parties, as expressly made in the submission, in ten days. The defendant stands therefore in precisely as good a position

as if the award itself had provided for the ten days. A new trial will not be granted in such circumstances.

GRANGER, J. The question made in this case is, whether the award for the performance of which the bond in suit was given is void, for the reason that it is not within the terms of the submission.

This question depends upon the construction to be given to the language used in the last clause of the submission, and what the true intent and meaning of the parties was as gathered from the words of the instrument. It provides that the award in the premises shall be "final and conclusive, and *shall be made to be executed within ten days after the award.*" It seems very clear that the parties intended, and that the only proper construction of their language is, that the award should in terms provide that it should be executed within ten days after the award was made.

It is not so made, but, on the contrary, is entirely silent as to the time within which it is to be executed. Its language is as follows: "I do therefore award, determine and order that the said James Farrell shall pay to the said James Waller the sum of sixty-five dollars." This language in no particular follows the terms of the submission as to the time when the award is to be executed. The plaintiff under it might demand the money as soon as the award was published. Although the court might say, if the submission was silent on the subject, that Farrell should have a reasonable time to pay under all the circumstances, yet as the parties have made their own terms as to the time when the money is to be paid or the award executed, no court can change those terms. Courts cannot make contracts for parties, but can only enforce the contracts which they themselves have made. In this case the parties have agreed that the award shall be made to "be executed within ten days." That is to say, they intended that the arbitrator, when he made his award, should say in so many words, that the money to be paid, or thing to be done, should be paid or done "within ten days" from the date or publication of the award, and it was essential that the award

should in terms provide that the sum awarded to be paid by Farrell should be paid within ten days after the award was made. As it was not so provided we think the award clearly void.

A new trial is advised.

In this opinion the other judges concurred; except CAR-PENTER, J., who, having tried the case in the court below, did not sit.