INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS. WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL 145 v. PURITY FOOD COMPANY ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 81001

Memorandum filed July 19, 1950

*Gordon, Fitzgerald & Riley*, of Hartford, for the Plaintiff.

*Koskoff, Brooks & Shapiro*, of Bridgeport, for the Defendants.

COMLEY, J. The defendant's first ground of opposition to the confirmation of the award is based upon the claim that the board of mediation and arbitration had no jurisdiction to make an award because the defendant took the position that the agreement to arbitrate was void and unenforceable because obtained by duress. This involves a construction of the language of General Statutes, § 8151, that an arbitration agreement "shall be valid, irrevocable and enforceable, except when there shall exist sufficient cause at law or in equity for the avoidance of written contracts generally."

It is undoubtedly true that a contract obtained by duress is unenforceable but the defendant has offered no evidence of duress. It appears that strike action, accompanied by picketing, was taken by the union against the company on the morning of October 28, 1947. This action lasted only until noon of that day when the company agreed to negotiate a contract. The contract was actually executed on November 26, 1947, and made retroactive to October 17, 1947. When the contract was signed, the company made no claim that the brief strike action on October 28, 1947, had constituted duress. Thereafter, for almost a year and a half, the parties conducted their relations under the terms of the contract, the company raising no claim of invalidity.

In April, 1949, a matter arising under the contract was referred to the board of mediation and arbitration. The company then raised the issue of duress. The board overruled the claim and made an award from which no appeal was taken.

Then in May, 1949, the present disputes arose. In August the board, acting upon the advice of an assistant attorney general, refused to take jurisdiction on the ground that it could not do so where the validity of the contract was questioned by either party. Later, on October 4, 1929, the board revised this decision and notified the parties that it would take evidence on October 13, 1949. The company refused to participate on the ground that the board had no right to proceed where the contract was challenged. The board conducted the hearing in the absence of the company, took evidence from the union both as to the validity of the contract and as to the matters in dispute and made the award which is now before the court. The company still contends that the contract was obtained by duress but it offered no evidence to support its contention at the hearing on the present motion.

The company's position comes down to the proposition that the mere assertion by it of the invalidity of the contract was sufficient to oust the board of jurisdiction at least until the union, acting

under the provisions of § 8153, had made an application to the Superior Court, based upon the "neglect or refusal" of the company to arbitrate, for an order requiring it to "proceed with the arbitration in compliance with their agreement." This construction of the meaning and purpose of § 8153 is too narrow. The statute is not drawn in mandatory terms. It provides merely that a party to an arbitration agreement "may" apply for a compelling order, not that he "shall" or "must." If he elects not to do so, he may still, without such an order, present his case to the arbitrators and, provided they comply with the provisions of § 8156 relating to notice, they have the power to hear the issues and make an award. Upon such hearing before the arbitrators, either party may present evidence which tends to disprove the validity of the contract or the jurisdiction of the arbitrators. The arbitrators may consider this testimony. If they accept it as true they should refuse to make an award. If they reject it they may proceed to make an award. The objecting party still has an opportunity to test the validity of the contract or the jurisdiction of the arbitrators on a motion to vacate under § 8161 (d).

If the company's contention were adopted, it would throw a serious obstacle in the path of arbitration, especially in the important field of labor relations. If a party to an arbitration agreement could block arbitration proceedings by simply announcing a claim of the invalidity of the contract, however unfounded such claim might be, thus forcing the other party to institute proceedings under § 8153 with consequent delay and the possibility of an appeal to the Supreme Court, then arbitration contracts become almost wholly ineffective and meaningless. In labor disputes there is frequently much bitterness on both sides. There is in the present case. In the presence of such feeling it is not unnatural that a disgruntled party may resort to any pretext to avoid or evade his promise to arbitrate.

In the present case the union strenuously urges that the company's claim of duress is only a pretext for resisting arbitration and that it is made in bad faith. There is certainly much in the conduct of the company throughout these proceedings to raise a suspicion that such is the case. It made the contract after a strike which lasted only a few hours. It then lived under the contract for a year and a half, making no effort to avoid its effect. Then when arbitration was sought it refused to participate and declined to avail itself of the opportunity given it by the board to present evidence in support of its claim. In this court it has like-

wise failed to substantiate its claim although it could have done so and it has failed completely to offer proof in contravention of the union's evidence that there was no duress.

But even if there was not bad faith on the part of the company it is my conclusion that its legal position is unsound and that the arbitrators had the power to proceed even though no order was obtained under § 8153.

A similar conclusion has been reached in New York under arbitration statutes which bear a marked similarity to our own. N. Y. Civ. Prac. Act §§ 1450 and 1458; *Kanter* v. *Edward Bloom Co.,* 144 Misc. (N. Y.) 602; Sturges, Commercial Arbitrations & Awards, pp. 442, 443, 448-450.

The company also claims that the board had no power to proceed with arbitration in the absence of the company or to make an award based only upon evidence offered by the union. The company was duly notified of the hearing and expressly declined to attend or participate. Clearly the board had power to proceed under that portion of § 8157 which provides that "If any party shall fail to appear . . . after reasonable notice, the arbitrators or umpire may nevertheless proceed to hear and determine the controversy upon the evidence which shall be produced before them."

The other claims advanced by the company in resistance to the union's motion to confirm the award are without merit.

The plaintiff's motion to confirm the award is granted.