TEXTILE WORKERS UNION *v.* UNCAS PRINTING AND FINISHING COMPANY, INC.

SUPERIOR COURT      WINDHAM COUNTY      FILE No. 10376

Memorandum filed April 2, 1956.

*Daniel Baker,* of Stamford, for the plaintiff.

*Arthur S. Kaminsky,* of Putnam, for the defendant.

KING, J. The plaintiff union, pursuant to the provisions of § 8160 of the General Statutes, on December 6, 1954, obtained an order for a hearing on its application to confirm an arbitration award made in its favor under date of January 5, 1954.

The instant dispute arises from the provisions of § 8159 of the General Statutes, prescribing the time within which an award shall be made, the material portions of which read as follows: "If the time within which an award shall be rendered shall not have been fixed in the arbitration agreement [which was admittedly the case here], the arbitrator . . . shall render the award within sixty days from the date on which such arbitrator . . . . [was] empowered to act. An award made after that time shall have no legal effect unless the parties expressly extend the time in which such award may be made, which extension or ratification shall be in writing." Admittedly there was no extension or ratification of any kind here.

The defendant, by demurrer, and subsequently by answer, sought to raise the claim that the award was not made "within sixty days from the date on which ... [the] arbitrator .... [was] empowered to act," as required by § 8159, and, so, that the award has "no legal effect" under the provisions of the second sentence of that section. The demurrer was overruled in *Textile Workers Union* v. *Uncas Printing & Finishing Co.*, 19 Conn. Sup. 385. After some intervening procedural maneuverings, the defendant filed the answer.

The plaintiff has filed the present motion to strike out the answer on the grounds that (1) if true, the foregoing claimed invalidity under § 8159 would be one coming within the exclusive purview of subdivision (d) of § 8161 of the General Statutes, providing for the vacation of an award "if the arbitrators shall have exceeded their powers or so imperfectly executed them that a mutual, final and definite award on the subject-matter submitted was not made," and (2) under § 8163 of the General Statutes "[n]o ... motion to vacate ... an award [under the provisions of § 8161 (d)] shall be made after thirty days from the notice of the award to the party to the arbitration who shall make the motion."

The time when the defendant first actually received notice of the award did not appear, but since a copy of the award was incorporated in the plaintiff's application for confirmation of the award and the officer's return, which is unattacked, shows that service of that application was made on the defendant on December 8, 1954, that is the most recent date on which the defendant could be found to have received written notice of the award.

It follows that if the plaintiff is correct, then the thirty days in which, under § 8163, the defendant could move to "vacate" the award under § 8161 (d)

have long since expired and the answer, the effect of which, if the allegations in it were proven, would be to show that the award should have been vacated because not rendered within the sixty-day limit, is, on the face of the record, an inefficacious defense. *Boltuch* v. *Rainaud*, 137 Conn. 298, 300.

The defendant claims that whatever the case may be with other grounds for vacating an award, the language in § 8159 that "an award made after [sixty days from the date on which the arbitrator was empowered to act] shall have no legal effect" puts this particular invalidity in a special statutory category such that advantage may be taken of it as late, at least, as the time of the hearing on a motion to confirm the award under § 8160.

There can, of course, be no question that this award, if not made within the statutory time limit imposed by § 8159, at least in the absence of special circumstances such as facts amounting to an estoppel, was subject to vacation under the provisions of § 8161 (d) had appropriate action been taken under § 8163. *International Brotherhood of Teamsters* v. *Shapiro*, 138 Conn. 57, 65, 68. Whether it may also be invalidated by the procedure adopted here is the immediate question now to be determined. Its solution involves a problem in statutory construction.

Our arbitration act, chapter 398 of the General Statutes, must be construed as a whole, so as to give proper effect to each provision, and so "that every part of . . . [the] act 'should, so far as possible, be made operative and harmonious with every other part.'" *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 533.

Turning to § 8159, it will be found to have accomplished two basic objectives. In the first place, it codified the common-law rule that an award not

made within the time provided in the agreement of submission is invalid. *Hall* v. *Hall,* 3 Conn. 308, 309, 313; note, 154 A.L.R. 1392, 1394; 6 Williston, Contracts (Rev. Ed.) § 1929, n.2. Secondly, it inserted in every agreement of submission containing no time limit within which an award should be made the limit of "sixty days from the date on which the arbitrator . . . [was] empowered to act." This latter was a change of the common-law rule, which, under such circumstances, implied a reasonable time within which the award must be made. 6 Williston, op. cit., § 1929, n.2; see *Waller* v. *Shannon,* 44 Conn. 480, 483; 6 C.J.S. 193.

The arbitration act, as a whole, refers to two general types of invalidity, and provides that advantage may be taken of them in two different ways.

An attack on the validity of an agreement of submission, as a contract, because "sufficient cause [exists] at law or in equity for the avoidance of written contracts generally," is authorized in the last clause of § 8151. This first type involves a claimed invalidity in the agreement of submission, as a contract, as would be the case, for instance, where the agreement of submission was the product of duress, as in *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 64. It does not involve the conduct of the arbitration, as such. A claim of such an invalidity in the agreement of submission may be raised in a direct attack in an independent proceeding, preferably, but not necessarily, instituted before actual arbitration has commenced. Ibid. It may also be raised by answer to an application to compel a party to proceed to arbitration under § 8153. Ibid. And it may also be raised in a proceeding to vacate the award under the provision of § 8161 (d), but this is only because necessarily an arbitrator would "have exceeded . . . [his] powers" in rendering any award whatsoever under an invalid

agreement of submission. Ibid; *Dewart* v. *Northeastern Gas Transmission Co.,* 140 Conn. 446, 449.

The fundamental point is that in such a situation the conduct of the arbitration, as such, is not involved, but the validity of the contract of submission. Consequently, a party has a right to a judicial determination of the validity of this contract. *International Brotherhood of Teamsters* v. *Shapiro,* supra, 64. This right endures at least up until the time the award has been transmuted into a final judgment by an order of confirmation under §§ 8160 and 8164. *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514. And even a judgment of confirmation is open to collateral attack on a jurisdictional ground which would be similarly available for a collateral attack on any other judgment. *Samson* v. *Bergin,* 138 Conn. 306, 308.

Sections 8161 and 8162 provide for various grounds upon which an award may be vacated, modified or corrected. It will be noted, however, that each of these grounds is directed to an invalidity in the award, as such, as distinguished from any invalidity in the contract of submission, as such.

Subdivision (d) of § 8161 provides that an award shall be vacated on application of a party to the arbitration "if the arbitrators shall have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted was not made."

Section 8163 prescribes the procedure for confirming an award under § 8160 as well as that for vacating, modifying or correcting it for any of the grounds stated in §§ 8161 and 8162. The second sentence of § 8163 provides that "no such motion to vacate, modify or correct an award shall be made after thirty days from the notice of the award to

the party to the arbitration who shall make the motion."

Finally, the last sentence of § 8160 provides that the court "shall grant . . . [the application to confirm the award] unless the award be vacated, modified or corrected as prescribed in sections 8161 and 8162."

The language of the second sentence of § 8163, taken in connection with that in the last sentence of § 8160, clearly provides that any invalidity in the award flowing from the conduct of the arbitration in any of the respects enumerated in §§ 8161 and 8162 as grounds for vacation, modification or correction, should be taken advantage of, if at all, in the manner, and must be taken advantage of within the time, prescribed in § 8163.

So construed, the act as a whole is made operative, and effect is given to each section. In no other way can effect be given to the language of § 8153, to the specific grounds for vacation, modification or correction enumerated in §§ 8161 and 8162, to the exclusive language of § 8163, and to the mandatory language of § 8160.

It remains to examine the instant controversy in the light of this construction. It clearly appears that the claimed failure of the arbitrator to render his award within the sixty-day time allowed under § 8159 (which is the sole claim raised in the answer) is a failure to conform to a requirement which is inserted by statute (§ 8159) in the agreement of submission. It is not at all an invalidity in the agreement of submission, as a contract, but is an invalidity in the award, as such, for the arbitrator's failure to conform to the requirements of the agreement of submission. It is a situation falling directly within the terms of § 8161 (d) as a claim that the arbitrator "exceeded . . . [his] powers or so imperfectly exe-

cuted them that a mutual, final and definite award upon the subject-matter submitted was not made." As such, under the provisions of § 8163, the claim should be made by motion and must be made within the thirty-day period. Since that period has elapsed, no such claim can now be made or acted upon.

This position finds support in Judge Shea's memorandum on demurrer, overruling a second demurrer filed by this defendant; in *Raven Electric Co.* v. *Linzer,* 302 N.Y. 188 (cited in Judge Shea's memorandum); and in *Matter of Wilkins,* 169 N.Y. 494.

On the face of the record, the defendant's answer comes too late to set up an effective or permissible defense, and so the plaintiff's motion to strike the answer should be granted. While it is true that normally an inefficacious answer should be attacked by demurrer and not by a motion to strike, § 8163 of our arbitration act contemplates and permits a procedure involving the use of motions in substitution for conventional forms of pleading. Practice Book, § 304 and Forms Nos. 408-412; *Boltuch* v. *Rainaud,* 137 Conn. 298, 301.

It is not necessary to hold that an answer alleging an effective ground for vacation, modification or correction under § 8161 or 8162, and which had been filed within the time allowed by § 8163, must be stricken on the purely procedural ground that it did not take the form of a motion, since a motion would have been equally vulnerable to the claim of untimeliness made here; nor that the efficacy of such an answer could not be tested by demurrer. Indeed, in an earlier stage of this proceeding a demurrer was addressed to an application for confirmation under § 8160, and no objection to the propriety of its use, as a form of pleading, was raised. *Textile Workers Union* v. *Uncas Printing & Finishing Co.,* 19 Conn. Sup. 385. All that it is necessary to hold here

is that a motion to strike an answer which is inefficacious on the face of the record because not filed within the time in which a motion to vacate must be filed under § 8163 is a permissible procedure in lieu of a demurrer addressed to that answer.

The specific defense now alleged in the answer is, on the face of the record, inefficacious under the circumstances for the foregoing reasons, and so the plaintiff's motion to strike that answer should be, and is, granted.