CHARLENE KILBY *v.* ST. PAUL INSURANCE COMPANY

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 166185

Memorandum filed August 19, 1970

*Lester Katz,* of Hartford, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

RUBINOW, J.   In the file, there is a "Motion for Confirmation of Arbitration Award" (hereinafter, "the motion"), dated May 12, 1970; an "Objection to Motion for Confirmation" (hereinafter, "the objection"), dated May 20, 1970; and an "Application for Confirmation of Arbitration Award"[1] (hereinafter, "the application"), dated May 28, 1970.  The parties have treated as the presently effective parts of the file the application and the objection, even though the latter was filed in response to the motion rather than to the application.  The court will treat the pleadings as the parties have.

Summarized, the application recites that arbitration proceedings were held pursuant to the arbitration clause of the uninsured motorist provisions of an insurance policy issued by the defendant; that an arbitration award was rendered; and that in connection with the proceedings the parties had entered into the following stipulation:[2]  "It is hereby stipulated and agreed between the parties that arbitration of the issues of liability and damages may proceed but without prejudice to either party with respect to the issues of coverage and compliance with the terms and conditions of the insurance con-

---

[1] See Practice Book § 446 & Form 406; General Statutes § 52-417.

[2] The stipulation in the file purports to be between "Charles Kilby" and the defendant, and not Charlene Kilby and the defendant.  Both parties have, however, treated the stipulation as the one which the plaintiff and the defendant entered into.

tract. It is understood that coverage and contract compliance are not waived and may be judicially determined at a later time at the instance of either party. Such voluntary submission to arbitration of the questions of liability and damages is done so with reservation of the right to contest at a later time the carrier's duty to pay the amount of the arbitrator's award on account of non-coverage or non-compliance with contract provisions."

## I

Annexed to the application is a copy of a "Demand for Arbitration" (hereinafter, "the demand"). The demand is provided for by the rules of the American Arbitration Association, the arbitrating agency designated by the arbitration clause in the subject insurance policy. Under the rules of that association, the demand determined the claim submitted for arbitration, since no answer to the demand was filed within seven days. American Arbitration Association, Arbitration of Uninsured Motorist Claims, p. 5 ("The Answering Statement"); see *Royal McBee Corporation* v. *Royal Industrial Union,* 19 Conn. Sup. 344, 348. The claim thus submitted for arbitration was the plaintiff's claim for protection "against loss by reason of personal injuries sustained in accidents involving Uninsured . . . Motorists." Under the applicable arbitration clause in the policy, two issues were to be decided by the arbitrator as a result of submission of this claim: "(1) the liability of the owner or operator of an uninsured automobile to the claimant and (2) the amount of damages flowing from that liability." *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 625; see Widiss, A Guide to Uninsured Motorist Coverage § 6.20 p. 205, § 6.41 p. 229. These two issues are the same "issues of liability and damages" referred to in the stipulation as the issues which the parties agreed

would be arbitrated. Hence, the stipulation did not change the issues submitted to the arbitrator by the demand.

Instead of making an award on these two issues, the arbitrator made, in part, the following award: "The undersigned arbitrator . . . award[s], as follows: The St. Paul Insurance Company shall pay to Charlene Kilby the sum of two thousand three hundred fifty dollars ($2,350.00)."[3] This award is clearly outside the submission, for the submission required the arbitrator to determine the amount due, if any, from the uninsured motorist, not from The St. Paul Insurance Company. "It is not the right to recover damages from the defendant insurance company which is made arbitrable but the right to recover damages from the uninsured motorist." *Frager* v. *Pennsylvania General Ins. Co.*, 155 Conn. 270, 275.

Because the award went beyond the submission, the defendant had grounds for a motion to vacate, modify or correct the award under General Statutes §§ 52-418 and 52-419. Such a motion must be made, however, not later than "thirty days from the notice of the award to the party to the arbitration who makes the motion." General Statutes § 52-420. If a motion to vacate, modify or correct is not made within the thirty-day time limit, the award may not thereafter be attacked on any of the grounds specified in §§ 52-418 and 52-419.[4] *Local 1078* v. *Anaconda*

---

[3] Exhibit C, annexed to complaint.

[4] The grounds specified in § 52-418 are: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their

*American Brass Co.,* 149 Conn. 687, 691; *Textile Workers Union* v. *Uncas Printing & Finishing Co.,* 20 Conn. Sup. 91, 97. The defendant has not moved to vacate, modify or correct the award on any of the grounds specified in those statutes, or on any others. Therefore, even though the award was outside the submission, the court cannot now base a denial of the motion to confirm on that ground. See *Textile Workers Union* v. *Uncas Printing & Finishing Co.,* supra, 98 (claim of invalidity of award for failure to conform to requirements of submission falls within what is now § 52-418 [d]. Such claim "should be made by motion and must be made within the thirty-day period. Since that period has elapsed, no such claim can now be made or acted upon.").

## II

The grounds on which the defendant has objected to the confirmation of the award are not any of the grounds specified in General Statutes §§ 52-418 and 52-419. Also, the defendant does not claim that the agreement to arbitrate may be avoided on the ground that, as stated in § 52-408, "there exists sufficient cause at law or in equity for the avoidance of written contracts generally." The basic claim of the defendant, as set forth in its objection, is "that there is no duty on the part of the defendant to pay [the] award, owing to breach of the insurance contract in question by the plaintiff." Specifically, the defendant claims that the plaintiff breached the terms of

powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

The grounds specified in § 52-419 are: (a) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (b) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; (c) if the award is imperfect in matter of form not affecting the merits of the controversy.

the insurance policy by proceeding to judgment against the uninsured motorist without the defendant's knowledge, acquiescence or consent.[5] In support of this claim, the defendant alleges that judgment was obtained in the amount of $1327 and that the plaintiff prejudiced the company's subrogation rights "to any amount in excess of the judgment."

It is to be noted that the defendant claims that the breach of contract by the plaintiff excused the defendant only from paying the award. The defendant does not claim that the alleged breach excused the defendant from performing its agreement to arbitrate "the issues of [the uninsured motorist's] liability and damages" referred to in the stipulation. If the award had conformed to the submission and had decided only those issues, confirmation of the award would have determined, by judgment, the liability of the uninsured motorist, not of the defendant. See General Statutes § 52-420.[6] The defendant would then have been in the position of an insurer of the liability of the uninsured motorist,[7] and the defendant could have litigated subsequently the question of coverage, either in proceedings to recover from the defendant the amount of the award or in other proceedings. See *Murov* v. *Lumbermens Mutual Casualty Co.,* 25 Conn. Sup. 504, 508 (coverage can become the subject of judicial determination in a civil

---

[5] For a general discussion of the clause on which the defendant's objection is based, see note, "Uninsured Motorist Clause: Validity and Construction of Clause Excluding Liability Where Insured, without Insurer's Consent, Makes a Settlement With, or Obtains a Judgment Against, a Person Liable." 25 A.L.R.3d 1275.

[6] "Sec. 52-420. MOTION TO CONFIRM, VACATE OR MODIFY AWARD. . . . Upon the granting of an order confirming . . . an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting such order."

[7] The anomaly of this aspect of the uninsured motorist coverage is discussed in *Wert* v. *Burke,* 47 Ill. App. 2d 453, 457, which is quoted in *L'Manian* v. *American Motorists Ins. Co.,* 4 Conn. Cir. Ct. 524, 525 n.1. There are also extensive citations there of other authorities on uninsured motorist coverage.

action upon the policy after judgment upon any award claimant may receive in arbitration). The issue in the present case is whether the defendant can litigate that same issue in proceedings to confirm the award. What has made it important to the defendant to litigate this issue in those proceedings, rather than subsequently, is that the award has run against the insurer instead of against the uninsured motorist, and, consequently, if the award is confirmed, there will be a judgment against the insurer rather than against the uninsured motorist.[8]

Since the application to confirm is part of our statutory arbitration, as distinguished from common-law arbitration,[9] the statutory provisions alone govern the resolution of the issue in this case. *Marsala* v. *Valve Corporation of America*, 157 Conn. 362, 365. Under General Statutes § 52-417, on an application for an order confirming an award, "[t]he court or judge shall grant such order unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419." Ordinarily, the language of this provision is mandatory. *Textile Workers Union* v. *Uncas Printing & Finishing Co.*, 20 Conn. Sup. 91, 97. Our cases have recognized only one exception to the literal command of this statute. In *Textile Workers Union*, it was held (p. 96) that where the issue is the validity of the contract of submission, a party has a right to a judicial determination of that issue "at least up until the time the award has been transmuted into a final judgment by an order of confirmation." This

---

[8] Of course, this judgment against the uninsured motorist would not be enforceable against him. It would determine the amount of his debt to the claimant solely for the purpose of a claim that the insurer was under a contractual duty to discharge a debt so determined.

[9] For a discussion of the distinction between the two types of arbitration, see *Yale & Towne Mfg. Co.* v. *International Association of Machinists*, 15 Conn. Sup. 118.

exception is based on the theory that the "avoidance-of-contracts" clause in General Statutes § 52-408 recognizes the right of a party to have a judicial determination of the validity of the agreement of submission. Under this exception, even if a party does not attack the award by proceeding under General Statutes §§ 52-418 and 52-419, he may assert "in an independent proceeding" that the award is invalid because the contract of submission is invalid. *Textile Workers Union* v. *Uncas Printing & Finishing Co.*, supra, 95. This exception is not applicable in this case. Accordingly, in this case the "unless-vacated-modified-or-corrected" provision in § 52-417 is mandatory. Hence, since the award was not vacated, modified, or corrected, that statute requires the court to grant the application for confirmation.

## III

The defendant claims that, nevertheless, the stipulation reserves to it the right to raise the question of coverage at this stage of the proceedings. In connection with this claim, the defendant points to the provisions in the stipulation that the questions of coverage and contract compliance "are not waived and may be judicially determined at a later time at the instance of either party," and that submission to arbitration is done "with reservation of the right to contest at a later time the carrier's duty to pay the amount of the arbitrator's award."

These provisions might have been relevant to motions by the defendant under General Statutes §§ 52-418 and 52-419, on the ground that they show that the parties intended to submit to the arbitrator the issue of the liability of the uninsured motorist, not of the defendant. They may also insulate the defendant from a claim that the defendant waived the question of coverage by consenting to the arbi-

tration. Cf. *Volkswagen Ins. Co.* v. *Taylor,* 201 So. 2d 624 (Fla. App.). They may even serve as a basis for a claim for equitable relief against any judgment entered as a result of the confirmation of the award. Nevertheless, since, as has been noted, the provisions in § 52-417 are mandatory, and since the present proceedings are entirely governed by statute, the parties do not have it within their power, by stipulation or otherwise, to modify the provisions of § 52-417. See *Marsala* v. *Valve Corporation of America,* 157 Conn. 362, 369. Accordingly, in that part of the stipulation regarding "the right to contest" and a judicial determination "at a later time," the phrase "at a later time" cannot apply to proceedings to confirm under § 52-417.

## IV

With respect to the merits of the objection, the court doubts the validity of the defendant's claim of law that obtaining the judgment without its knowledge automatically results in a complete loss of the uninsured motorist coverage. The court's doubts arise from the fact that the defendant's subrogation rights would not be prejudiced if the judgment against the uninsured motorist is for a sum greater than the arbitration award. Further, if the judgment against the uninsured motorist is for a sum smaller than the arbitration award, the defendant's subrogation rights would be prejudiced only to the extent of the difference between the amount of the judgment and that of the award. "This problem can be overcome by limiting the arbitration . . . award to the amount of the judgment against the uninsured motorist—that is, if the insured chooses to commence an action against the uninsured motorist without his insurance company's permission, the insured assumes the risk that this award may be smaller than a subsequent award or judgment

against the company and that therefore his recovery will be proportionately reduced." Widiss, A Guide to Uninsured Motorist Coverage § 7.14, p. 267.

For those cases where the amount of the judgment is smaller than the award, the foregoing quotation provides a more nearly equitable result than complete loss of coverage. Whether such an equitable result would be barred by the express provisions of the policy, and whether, if it was so barred, the provisions are valid, are questions not presently before the court.

## V

The application is granted and judgment may enter confirming the award.