[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges that the defendants have failed to pay certain amounts due under a written contract between the parties pursuant to which the plaintiff was to supply materials and perform services in connection with the construction of a swimming pool on property owned by the defendants located at 11 Fanton Hill Road, Weston, Connecticut. The plaintiff, relying solely on the provisions of such contract, has moved to refer this matter to the American Arbitration Association for arbitration. The defendants object to plaintiff's motion and claim that the contract the plaintiff relies upon does not comply with the requirements of The Home Improvement Act, C.G.S.20-418 et seq., and is therefore of no effect. Consequently, they claim the plaintiff has no basis for its claim for arbitration and that its Motion for Referral to Arbitration must, therefore, be denied.
The defendant's objection to arbitration cites to well established law that where a contract does not comply with the requirements of The Home Improvement Act, C.G.S. 20-418, et seq., it is of no force and effect. See Barrett Builders v. Miller, 215 Conn. 316 (1990).[1] Citing to a deficient notice provision, (42-135a(2) and (3)), the defendant argues that because the contract did not comply and therefore was invalid, there remained no valid basis upon which to refer the matter to arbitration.
This Court is of the opinion that where there is no real dispute as to the invalidity of the contract, the plaintiff's request for arbitration under the contract must be denied.[2] In CT Page 4223 Brotherhood of Teamsters v. Purity Food Co., 17 Conn. Sup. 12
(1950), the defendant tried to block an arbitration award on the grounds that the agreement to arbitrate was void and unenforceable because obtained by duress. The Court would not endorse a unilateral assessment of this sort.
 If the company's contention were adopted, it would throw a serious obstacle in the path of arbitration, especially in the important field of labor relations. If a party to an arbitration agreement could block arbitration proceedings by simply announcing a claim of the invalidity of the contract, however unfounded such claim might be, thus forcing the other party to institute proceedings under 8153 with consequent delay and the possibility of an appeal to the Supreme Court, then arbitration contracts become almost wholly ineffective and meaningless. In labor disputes there is frequently much bitterness on both sides. There is in the present case. In the presence of such feeling it is not unnatural that a disgruntled party may resort to any pretext to avoid or evade his promise to arbitrate.
Rather than refuse to participate and avail itself of the opportunity to present evidence of its allegation, the defendant relied on its allegation to challenge the jurisdiction of the board. Id.
The defendant's allegation here raises a question of law not fact. It is true that the arbitrator can pass upon the submission of the legality of the contract as another one of the issues in dispute. Nathan v. United Jewish Center of Danbury, Inc., 20 Conn. Sup. 183, 187-188 (1955) (addressing parameters of 1949 Rev. 8151 which is 52-408). However "[a] claim of such an invalidity in the agreement of submission may be raised in a direct attack in an independent proceeding, preferably, but not necessarily, instituted before actual arbitration has commenced." Textile Workers Union v. Uncas Printing Finishing Co., 20 Conn. Sup. 91, 95 (1956) citing to International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 64 (1951).
That being the case here, this Court is bound by the Barrett line of cases and therefore denies the plaintiff's motion for arbitration.[3]
CT Page 4224
KATZ, J.