[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether defendant's "offer of judgment" wherein it agrees to pay the arbitration award in monthly installments should be incorporated into the order of confirmation. CT Page 7848
It is found that the court has no authority to incorporate defendant's "offer of judgment" into the confirmation award, and that the award should be confirmed as is.
Pursuant to an arbitration clause in a purchase agreement between Geraldine Passander, the plaintiff herein, and EMAC Communications Co., Inc., the defendant, certain issues in dispute regarding said agreement were submitted to an arbitrator for resolution. On April 1, 1992 the arbitrator made an award in favor of the plaintiff as set forth in a memorandum of arbitrator's decision bearing that date. The plaintiff was awarded $26,000. She now seeks to have that award confirmed by the court pursuant to General Statutes 52-417.
Defendant has submitted to the court a purported "offer of judgment" dated June 1, 1992 wherein defendant states that it has no objection to entry of judgment and offers to pay the award in installments of $1,000 per month. Plaintiff has rejected defendant's proposal to pay in installments.
General Statutes 52-417 states that "[a]t any time within one year after an award has been rendered . . ., any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court . . . shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419." "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." General Statutes 52-420(b). Since no motion was made to vacate, modify or correct the award in this case within the time period allowed under 52-420(b), it is submitted that the court is required by 52-417 to confirm the arbitrator's award and does not have the discretion to modify the award sua sponte as defendant suggested at oral argument. See International Brotherhood v. Trudon Platt Motor Lines, Inc., 146 Conn. 17, 21,147 A.2d 484 (1958) (arbitrators' award final and binding unless vulnerable on grounds set forth in General Statutes 8161-8163, now 52-418, 52-419 and 52-420); and Kilby v. St. Paul Ins. Co.,29 Conn. Sup. 22, 29, 269 A.2d 295 (Super.Ct. 1970) (language of General Statutes 52-417, requiring confirmation unless award is timely challenged, is mandatory).
No authority exists for permitting an offer of judgment to be made after the matter has been heard and decided by an arbitrator. General Statutes 52-193 requires the defendant to file an offer of judgment before trial. Practice Book 342 states that the offer must be filed "before any evidence is offered at the trial." It is found that the defendant's offer of judgment at this time is improper. Further, the plaintiff has rejected the defendant's CT Page 7849 proposed offer.
In light of the above, it is clear that the court must deny the defendant's offer of judgment and confirm the arbitrator's award in plaintiff's favor.
So ordered.
William J. McGrath, Judge