[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, International Brotherhood of Police Officers, and the defendant, Borough of Jewett City [Jewett], were parties to a collective bargaining agreement that expired on July 1, 1992. Binding arbitration was imposed upon the parties, as prescribed by General Statutes 7-473c(b), but the parties waived the provisions of General Statutes 7-473c
and stipulated to a new collective bargaining agreement. On May 11, 1993, the arbitration panel issued the stipulated collective bargaining agreement.
On June 23, 1993, C. Francis Driscoll was appointed as defendant Jewett's Receiver and notified the plaintiff of his intent to exercise his power to review and modify all existing collective bargaining agreements. On July 23, 1993, the plaintiff filed an application to confirm the arbitration award [award] issued on May 11, 1993. Driscoll's motion to intervene as a party defendant in the plaintiff's action was granted by the court, O'Neill, J., on August 9, 1993. CT Page 2299
On October 4, 1993, along with a supporting memorandum of law, defendant Driscoll filed a motion to dismiss the plaintiff's application to confirm the award on the ground that this court lacks subject matter jurisdiction to confirm the award. On November 11, 1993, the plaintiff filed a memorandum in opposition to defendant Driscoll's motion to dismiss, arguing that General Statutes 52-418 rendered defendant Driscoll's motion untimely. On December 12, 1993, defendant Driscoll filed a reply brief arguing that because no "award" was issued by the arbitration panel, his motion to dismiss is not precluded by the statutory limitations period prescribed by General Statutes 52-418.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis omitted; citation omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Jurisdiction is a court's power to hear and determine a cause of action presented to it. Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223,229, 429 A.2d 478 (1980).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra, 542. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not the regularity of the court's exercise of that power." (Citations omitted.) Castro v. Viera, 207 Conn. 420,427, 541 A.2d 1216 (1988). There is also an "established principle that every presumption is to be indulged in favor of jurisdiction." (Citation omitted.) Gurliacci v. Mayer, supra, 543.
Arbitration, a mechanism designed to expedite informal dispute resolution, requires minimal judicial intrusion. Middletown v. Police Local, No. 1361, 187 Conn. 228, 230,445 A.2d 322 (1982). "The duty to arbitrate may be created by contract or statute." (Citations omitted.) Chrysler Corporation v. Maiocco, 209 Conn. 579, 591, 552 A.2d 1207
(1989). CT Page 2300
"General Statutes 7-473c . . . governs the resolution of disputes between municipalities and the representatives of their employees over the terms of collective bargaining agreements when negotiations have reached an impasse. . . ." Carofano v. Bridgeport, 196 Conn. 623, 624-25, 495 A.2d 1011
(1985). Parties to an expired collective bargaining agreement must submit their dispute to binding and final arbitration. General Statutes 7-473c(b). The arbitrators are then limited to "choosing the `last best offer' of one party over that of the other. . . ." Carofano v. Bridgeport, supra, 635, 637, citing General Statutes 7-473c. The primary emphasis of General Statutes 7-473c "was to induce settlement of disputes by negotiation under the impetus that the most reasonable proposal would probably gain acceptance by the arbitrators." Carofano v. Bridgeport, supra, 635 (narrow scope of arbitrational discretion needed to limit what might otherwise be deemed a broad delegation of legislative power).
The right to seek to confirm an arbitration award is prescribed by the following procedure:
 At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418
and 52-419.
General Statutes 52-417. "[A] decision of the arbitrators pursuant to 7-473c may be judicially reviewed only in accordance with General Statutes 52-418 and 52-419 upon a motion to vacate or modify the award, the same procedure that is available in consensual arbitration." Carofano v. Bridgeport, supra, 636. A proper ground for vacating an arbitration award occurs "if the arbitrators have exceeded their powers. . . ." General Statutes 52-418. "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." General Statutes 52-420 (b).
On July 28, 1993, defendant Driscoll filed his motion to CT Page 2301 intervene on the ground that the plaintiff's application to confirm the award undermines defendant Driscoll's authority to review binding collective bargaining agreements. Neither defendant filed a motion to vacate, modify, or correct the award. Although defendant Driscoll had notice of the award as early as July 28, 1993, the present motion to dismiss the award was not filed until October 4, 1993.
The plaintiff argues that because defendant Driscoll failed to timely move to vacate, modify, or correct the award, defendant Driscoll's motion to dismiss the plaintiff's application to confirm the award should be denied. See General Statutes 7-473c(c)(3), 7-473c(f), and 52-420 (b). Defendant Driscoll argues that because the award was not issued upon the parties' "last best offer," it cannot be confirmed as an "award" and is thus not subject to the procedures prescribed by General Statutes 52-418 and 52-420 (b).
"Ordinarily, the language of this provision [General Statutes 52-417] is mandatory." (Citation omitted.) Kilby v. St. Paul Ins. Co., 29 Conn. Sup. 22, 28, 269 A.2d 295 (Super. Ct. 1970). The defendant's failure to object to the arbitrators' award within the prescribed period, however, may not be fatal. See Carr v. Trotta, 7 Conn. App. 272, 274-75,508 A.2d 799 (1986), cert. denied, 200 Conn. 806, 512 A.2d 229
(1986) (a challenge to the legality of an arbitrator's award is an attack upon the subject matter jurisdiction of an arbitrator pursuant to General Statutes 52-416 (a), which may be raised at any time). Similarly, "where the issue is the validity of the contract of submission, a party has a right to a judicial determination of that issue `at least up until the time the award has been transmuted into a final judgment by an order of confirmation.'" (Citation omitted.) Kilby v. St. Paul Ins. Co., supra, 28; see Bennett v. Meader, 208 Conn. 352,363-64, 54B A.2d 553 (1988) (an unsigned agreement to arbitrate violated the arbitration statute and challenged the authority of the arbitrator and its subject matter jurisdiction, a challenge which may be raised at any time); Total Property Services of New England, Inc. v. Q.S.C.V., 30 Conn. App. 580,591, 621 A.2d 316 (1993) (conflicting clauses contained in an arbitration agreement questions the authority of the arbitrator's subject matter jurisdiction, which may be raised at any time).
Unlike Kilby v. St. Paul Ins. Co., supra, Bennett v. CT Page 2302 Meader, supra, or Total Property Services of New England, Inc. v. Q.S.C.V., supra, the present case does not contain an issue in connection with the validity of the contract of submission. Further, unlike the defendant in Carr v. Trotta, supra, defendant Driscoll does not question the legality of the arbitrators' award. The defendant Driscoll contends that the arbitrators exceeded their authority by acting in a capacity other than receiving the parties' last best offer. Such an argument is properly raised as a ground for a motion to vacate an arbitration award, which must be filed within thirty days from the notice of the award to the moving party. General Statutes 52-418 (a)(4) and 52-420 (b).
Defendant Driscoll argues that General Statutes 7-473c
limits the arbitration of collective bargaining agreements to the parties' last best offer. Defendant Driscoll argues that because submitting a stipulated collective bargaining agreement does not constitute the parties' last best offer, the arbitration panel lacked the statutory authority to issue its "award."
"Where the parties arbitrate pursuant to statute, the statute itself defines the powers of the arbitrators. Any deviation by the arbitrators from the statutory bounds under which they operate would indicate that they had `exceeded their powers,' a basis for vacating any offending part of the award, under General Statutes 52-418 (a)(4)." (Citations omitted.) Chrysler Corporation v. Maiocco, supra, 591; see Motor Vehicle Manufacturers Assn. of the United States, Inc. v. O'Neill, 212 Conn. 83, 94, 561 A.2d 917 (1989) (fundamental difference between voluntary and compulsory arbitration requires a different standard of judicial review). "It is from the [parties' written submission setting forth the arbitrable issues] alone that the arbitrator receives his or her authority, and the submission largely controls the parties' rights on judicial review." (Citation omitted.) Bennett v. Meader, supra, 363.
"[A] finding on arbitrability is not an award until it becomes part of an award on the merits. Therefore, a party must demonstrate that an `award' on the merits has been rendered before any right to appeal attaches." (Citations omitted; internal quotation marks omitted.) Naugatuck v. AFSCME, 190 Conn. 323, 326, 460 A.2d 1285 (1983). "Section52-418 only authorizes a court to vacate an arbitrator's CT Page 2303 `award' and then only under narrow circumstances." (Footnote omitted.) State v. Connecticut Employees Union Independent,184 Conn. 578, 580, 440 A.2d 229 (1981).
A determination of whether the arbitrators exceeded their statutory powers must be analyzed in connection with the purpose of arbitration. The purpose of arbitration is to avoid the formalities, delays, expenses, and vexation of ordinary litigation. Bennett v. Meader, supra, 362-63. Moreover, there is a "general policy of construing our arbitration statutes liberally to encourage the use of arbitration as an alternate form of dispute resolution." (Citation omitted.) Administrative Residual Employees Union v. State, 200 Conn. 345, 349, 510 A.2d 989 (1986).
 It is evident from the debate that attended the adoption in 1975 of 7-473c
with its mandatory arbitration feature that the principle concern of the legislators was to devise a method for resolving impasses in contract negotiations between municipal employers and their employees that might otherwise result in strikes or other disruptions of essential public services.
Carofano v. Bridgeport, supra, 634, citing 18 S. Proc., Pt. 7, 1975 Sess., pp. 3506-59.
Prohibiting an arbitration panel from approving a stipulated agreement would negate the successful contract negotiations between the parties and frustrate the purpose of General Statutes 7-473c. A submission of a stipulated agreement is the functional equivalent of a submission of identical last best offers. Construing the arbitration statutes liberally, an "award" issued by an arbitration panel includes a stipulated agreement as an approval of the parties' last best offers.
Because approving a stipulated collective bargaining agreement constitutes an "award" for purposes of General Statutes 52-417, any motion in opposition to such an award must be timely filed in accordance with General Statutes52-418 and 52-420. Defendant Driscoll failed to comply with General Statutes 52-418 and 52-420. Accordingly, defendant CT Page 2304 Driscoll's motion to dismiss the plaintiff's application to confirm the award is denied.
Mary R. Hennessey, Judge