[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS # 104, 106, 107, 108, 109, 110
The defendant Victor J. Tenore (defendant) correctly argues that these proceedings should be stayed pending arbitration of the dispute. In a prior case, the present plaintiff but former defendant Third Taxing District (plaintiff) admitted in its pleadings that arbitration was the proper method of adjudicating this dispute and that a stay should be enforced. See Tenore v.Third Taxing District of the City of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 171531, Motion to Stay Proceedings #108. Pleadings can be used as judicial admissions against parties. See DelVecchio v.DelVecchio, 146 Conn. 188, 191, 148 A.2d 554 (1959). Moreover, as the arbitration clause in the employment agreement was enforced in the first case that same agreement should be enforced in this case because it is still before the court and allegedly governs the employment relationship between Tenore and the Third Taxing District. See Tenore v. Third Taxing District, supra, Superior Court, Docket No. 171531, Pleading #110 (August, 9, 1999, Lewis,J.); McCarthy v. McCarthy, 55 Conn. App. 326, 332, ___ A.2d ___ (1999) (finding that the doctrine of law of the case usually has judges not reopening what has already been decided); see alsoBrotherhood of Teamsters v. Purity Food Co., 17 Conn. Sup. 12,14, ___ A.2d ___ (1950) (finding that arbitration agreements would become meaningless if the party challenging the agreement could assert contractual invalidity). Accordingly, the defendant's motion to stay these proceedings and compel CT Page 457 arbitration is granted and the plaintiff's objection is overruled.
So Ordered.
KARAZIN, J.